For the purpose of proving the marriage of Peter Morgan with plaintiff's mother, defendant offered to read the deposition of one Mary Dagget, which was admitted to have been regularly taken, but (96) was objected to on behalf of the plaintiff as containing only the declarations of the persons under whom the defendant claimed, and made subsequently to the plaintiff's title derived from her. The objection was sustained. The deposition was as follows:
"I know nothing of my knowledge, only that she, Mrs. Morgan, told me herself that she and Mr. Peter Morgan were married.
"I know nothing of any gift for Member; I only heard the report of the neighborhood that Anna Gunter gave Rose to Peter, her son; and I was at the house of Mr. Morgan about six months before his death, and he talked of making his will; and Mrs. Morgan requested him to give the negroes that came by her to her children."
Defendant then offered other evidence of the marriage. Plaintiff's mother survived her husband, Peter Morgan.
There was a verdict for the plaintiff, and defendant moved for a new trial, on the ground that the deposition of Mary Dagget was improperly rejected. A new trial was refused, and from the judgment rendered defendant appealed to this Court.
It cannot be contended that the judge erred in rejecting that part of the deposition which states that about six months before Morgan's death Mrs. Morgan requested him to give to her children the negroes that came by her, because, if it had any effect at all, it would have the improper tendency to invalidate the parol gift made by Mrs. Morgan herself, and under which the plaintiff claims title.
With respect to the other part of the deposition, it is very true that the declarations of husband or wife may be received to prove whether they were married or not; but it must appear that such declarations have not been made at a time or with a view to serve any (97) particular purpose. Norris's Peake, 23. In this case it does not appear when Mrs. Morgan told the witness that she and Mr. Morgan were married; it might have been, for aught that appears, before or *Page 42 
after the commencement of this suit. For these reasons, I cannot say that the judge erred in the rejection of this deposition. The rule for a new trial should be discharged.