The defendants offered in evidence a judgment in favor of the defendant Cryer against Bridget Weaver, rendered by a justice of the peace on 7 June, 1823, and a writ of fieri facias
thereon, written on the same paper, directed to the defendant Moore, and dated 30 August, 1824, which was returned levied on the cattle in dispute. His Honor rejected the evidence, thinking that an officer could not justify under process which issued on a judgment more than a year and a day (338) old.
The counsel for the defendant requested the judge to instruct the jury that common reputation was not evidence of a marriage between the mulatto and a white woman, as the policy of the country forbade such connections. His Honor declined giving this instruction, but informed the jury that they were at liberty from reputation and cohabitation to infer a marriage. *Page 218 
A verdict being returned for the plaintiff, the defendant appealed.
The judge erred, I think, in rejecting the evidence of the execution, as regarded the constable, for although issued upon a dormant judgment, yet it is a justification to the officer who acted in obedience to it. Nor does it vary the case that execution is on the same paper with the judgment, from which fact, on a bare inspection, he could discover that the judgment had been granted more than a year and a day before the execution issued; for non constat that there had not been an intermediate execution. Of these things the officer is not presumed to be a judge, his office being merely ministerial, and the issuing an execution, or rather the order to issue it, a judicial act, confided to another. But as to the plaintiff in the judgment, the execution is no protection to him. He acted as a wrongdoer in suing it out, and is liable for the acts of the officer who acted under it, the maxim being qui facit per alium, facitper se. Were this an action where such a defense could not be made under the general issue, but the party bound to plead it specially as a justification, I should feel some difficulty on the subject, for it is most certain upon authority that if two (339) or more join in a plea of justification, if it be bad for one, it is bad for all. I cannot, however, consider the short memorandum made upon the clerk's docket as anything but a mere intimation of the ground of defense, which the adverse party, by not refusing, receives in lieu of a formal plea; but if drawn out at length, which the plaintiff may cause to be done if he wishes, the matter is to be set forth formally. If by law, therefore, the justification may be good for one and not for the other, as it is in this case, the memorandum will be understood as a memorandum of a several plea. We are relieved, however, from decisively determining this question, as in this action the justification may be given in evidence under the general issue, which is, in its nature, a several defense, or rather, in joint actions, a several denial of the acts imputed to the defendants.
As we cannot grant a new trial to the officer without granting it to the other defendant — that is, if it be granted as to one, it must be granted as to both — let the judgment be reversed, and a new trial granted generally. *Page 219