Pearson, O. J.
 

 ~We
 
 agree with his Honor in the position, that the ease turned upon the validity of the marriage between Hood and Avy Johnson, and that depended upon the question, whether there had previously been a marriage between Hood and Grace Patterson.
 

 It was in evidence, that Hood and Grace Patterson
 
 “
 
 had lived' together several years and had several children, and passed, and were recognised as man and wife,” and the jury, by their verdict, say they were satisfied that the said Hood and Grace Patterson had been married.
 

 There was
 
 direct
 
 evidence of the solemnization of a marriage between Hood and Avy Johnson, and the question is, does this
 
 direct evidence
 
 of the one marriage exclude and render incompetent, or insufficient in law, the
 
 ci/rcwmsta/ntial evidence
 
 upon which the jury have found the former marriage ?
 

 It is. held to. be a general rule that reputation, cohabitation, and the declaration, and conduct of the parties, are competent evidence of a marriage between them, except in two cases, i. e., on an indictment for bigamy and in an action of “ crim. eon.;” 2 Greenf. Ev. sec. 162;
 
 Burt
 
 v.
 
 Barlow, 1 Doug.
 
 170;
 
 Morris
 
 v.
 
 Miller,
 
 4 Burr. Rep. 2057;
 
 Wilkerson
 
 v.
 
 Payne,
 
 4 T. R. 458;
 
 Weaver
 
 v.
 
 Cryer,
 
 1 Dev. Rep. 337. The reason given by Lord Mansfield, for making an exception in the action for “ crim. con.” is, that “ it is penal in its nature and like a criminal proceeding.” Rut in criminal proceedings, it is confined to an indictment for bigamy ; and no particular reason is given for making that exception; it would seem that what is competent evidence in one case ought to be
 
 *423
 
 in another, provided'it satisfied the jury of the fact of the alleged marriages. But these two exceptions are fixed and,
 
 stare decisis. We
 
 are not, however, disposed to mate another exception without a reason. Especially, as, in this State, there is no registry of marriages, and frequently, circumstantial evidence is the only mode of proving one.
 

 Our attention was called to
 
 Hassall's
 
 case, 12 Eng. Com. L. Rep. 207. The prisoners were indicted for larceny; the female prisoner (as a single woman). Her defense was that she was the wife of the other prisoner and subject to his coertion. It was proved that on the occasion when the money was stolen, the prisoners spoke of, and treated each other, as husband and wife, hut the witnesses, who were the prosecutor and constable,
 
 “
 
 had never seen them except on that particular transaction.” Gakbow B. held this evidence insufficient to establish a marriage, as it was quite evident the prisoners had assumed the relation of man and wife, as a pretext for an opportunity to commit larceny. He announces the general rule and the two exceptions, and, admitting that general reputation and a
 
 continual
 
 living together, and passing, and being recognised as man and wife, would be competent and sufficient in such a case, under the general rule, to make out a defense for the woman; he was of opinion, and we entirely agree with him, that passing themselves off in that way, on a single occasion, was no evidence of their being man and wife.
 

 There it no error.
 

 Bee Cubiam, Judgment affirmed.