CORA NELSON v. R. J. REYNOLDS TOBACCO COMPANY.

(Filed 24 April, 1907).

1. **Judge's Charge—Evidence—Phase—Omission—Special Instruction.**—The omission of the Judge below to charge the jury upon any given phase of the evidence is not error unless especially requested by proper prayers for special instruction.

2. **Damages—Negligence—Ingress and Egress—Safe Place—Employer's Liability.**—In an action for damages against an employer for negligence on account of an injury sustained by the plaintiff, an employee, in a passageway provided for the ingress and egress of employees to and from their work while blocked with hogsheads of tobacco, it is necessary to show that the employer had knowledge of such condition, or by the exercise of reasonable diligence should have acquired it.

3. **Same—Judge's Charge.**—In an action against an employer for failure to provide for his employees a safe way of ingress and egress to and from their work, it is not error for the Judge to charge the jury: "An employer owes the employee a legal duty in the exercise of reasonable care to provide for him not only a reasonably safe place in which to work, but he also owes that employee a duty to provide a way of access and departure from that work that is reasonably safe. That is the test."

CIVIL ACTION to recover damages for personal injury received while in defendant's employment, tried at December Term, 1906, of the Superior Court of FORSYTH County, *Ward, J.,* presiding. The following issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff by her own negligence contribute to her injury?

The plaintiff moved for a new trial. Motion denied. From a judgment dismissing the action plaintiff appealed.

*L. M. Swink* for plaintiff.
*Manly & Hendren* for defendant.

BROWN, J.   There is evidence tending to prove that plaintiff, an employee in the factory of defendant, after her day's work was over, on her way out of the factory, was passing along a passageway through the factory building. This passageway was the one usually used by the operatives to reach the street.   On the occasion of plaintiff's injury, the evidence tends to prove that the passageway had become blocked to some extent with large hogsheads, which plaintiff was compelled to pass by in order to reach the exit from the building.   As she was passing along the passage, John Morgan, another employee of defendant, was rolling a hogshead on a truck, which struck plaintiff and injured her. Plaintiff also offered evidence tending to prove that the passage was dimly lighted and on this occasion was rendered unsafe by an accumulation of hogsheads of tobacco at a turn in the passage which led to the street entrance.   There was evidence introduced by defendant contradicting the averments of plaintiff.

The plaintiff rests her right to recover upon the ground that defendant was negligent in two particulars, viz.: First, in that the defendant permitted the passageway to be blocked up with hogsheads while the plaintiff and other employees were leaving their work, thereby rendering the passageway dangerous and unsafe; and, second, in that it permitted the passageway to be dimly lighted, making it dangerous and unsafe for the plaintiff in going out of the building.

The concrete negligence, if any existed, was the failure upon the part of the defendant to provide a reasonably safe place for the ingress and egress of its employees.   To establish this alleged negligence the plaintiff offered evidence tending to prove the two specifications above named.   The plaintiff assigns error because his Honor presented to the jury only that specification relating to insufficient lights,

and failed to present that relating to blocking up the passageway with hogsheads. There are several reasons why the contention cannot be maintained:

1. The plaintiff submitted no request for instruction to present such feature of the evidence to the jury. It has been repeatedly held by this Court that the failure of the Judge below to instruct upon any given phase of the evidence is not error unless he was specially requested to do so. *Patterson v. Mills,* 121 N. C., 258; *Yow v. Hamilton,* 136 N. C., 357. "An omission to charge on a given point is not error unless there is a prayer to instruct the jury thereon." *Clark, J.,* in *Justice v. Gallert,* 131 N. C., 394.

2. There is no evidence that the passageway was *per se* unsafe, or that it was rendered unsafe by crowding hogsheads in it on any other occasion than the afternoon of the day plaintiff was hurt. The duty to provide a reasonably safe place to work in, as well as of ingress and egress, is like unto the obligation to provide machinery that is not defective. The trouble must be brought to the master's knowledge, or it must be shown that the master by the exercise of reasonable diligence might have acquired such knowledge. *Hudson v. Railroad,* 104 N. C., 491; Shearman and Redfield on Negligence, sec. 99; *Greenleaf v. Railroad,* 29 Iowa, 14; *Colton v. Manufacturing Co.,* 142 N. C., 531. We find no evidence of habitual or continual crowding or any other evidence which would charge defendant's management with knowledge that the passageway was being rendered unsafe.

3. Upon a careful examination of the charge, we think, while his Honor did not specifically point out that part of the evidence relating to crowding the passageway with hogsheads, that he very clearly and correctly instructed the jury upon the law when he said: "An employer owes the employee a legal duty in the exercise of reasonable care to provide

for him not only a reasonably safe place in which to work, but he also owes that employee a duty to provide a way of access and departure from that work that is reasonably safe. That is the test." Other portions of the charge also indicate, we think, that his Honor did not restrict the jury to the consideration solely of the evidence of insufficient lighting. The case seems to have been fairly tried and properly presented to the jury. They have found against plaintiff upon the issue of negligence, and we see no good reason for disturbing their verdict.

.Affirmed.