M. R. RUDISILL v. A. A. WHITENER.

(Filed 16 December, 1908).

1. **Issues—Harmless Error.**

An issue submitted that does not prejudice the rights of the complaining party, though unnecessary, the whole controversy being correctly determined upon another issue, is harmless error.

2. **Deeds and Conveyances—Contracts to Convey—Equity—Fraud or Mistake—Reasonable Relief.**

When the defense to an action for specific performance to convey land is that, as a part of the consideration for the contract, entering into the treaty and forming part of the negotiations, the plaintiff was to give defendant an option on another tract of land, which was not done, the contention does not necessarily involve an allegation of fraud or intentional wrong, but in this case only the question of a reasonably well grounded belief on defendant's part that the option was to be given.

3. **Deeds and Conveyances—Contracts to Convey—Treaty—Negotiations—Written Contract—Parol Evidence—Fraud or Mistake.**

When the written contract to convey lands sued on is admitted to have been signed as written, but the defense is that specific performance should not be decreed, on the ground that the defend-

ant was induced to enter into it by the promise of the plaintiff to transfer to him a certain option on another tract of land he held, which was not done, parol evidence of all the facts and circumstances surrounding the treaty and entering into the negotiation is competent, not to correct the writing, but to enable the Court to ascertain whether there was any element of mistake or unfair advantage in the transaction taken by the party seeking equitable relief.

ACTION tried before *Justice, J.,* and a jury, June Term, 1908, of BURKE.

This cause was before us at Fall Term, 1907, when a new trial was advised (146 N. C., 403). Upon the last trial his Honor submitted the following issues, to which the jury responded as set out in the record:

1. Did defendant, in violation of his contract, fail and refuse to execute and deliver to the plaintiff a deed for the land described in the complaint? Answer: "No."

2. If so, what damage is plaintiff entitled to recover of defendant? Answer: .........

3. Was the defendant, at the time he signed the contract, reasonably induced to believe by the plaintiff, and did he believe, that the option on the Sigmon land would be transferred to him, and did that constitute the inducement to sign the contract? Answer: "Yes."

The plaintiff excepted to the submission of the third issue; upon the ground that such issue was neither material nor raised by the pleadings, and that such action of the Court is error apparent upon the record.

The defendant A. A. Whitener was allowed to testify, over the objection of the plaintiff, as follows: "My agreement was, I was to have the option for $100 or my roughness, and, if I got my option, I was to give them the deed for my land for $2,000; that is what I agreed on, and I have always been ready to give deed if I had got my option, and I am ready to do it now, and so is my wife. I was only selling it to buy the Sigmon place."

At the request of the defendant, the Court gave the following instructions: "If the jury find from the evidence that, when the defendant signed the agreement to convey his farm, he was reasonably induced by the acts and words of the plaintiff to believe that the plaintiff was going to transfer to defendant the option on the Sigmon land, and on account of such belief the defendant signed the contract sued on, then the jury should answer the third issue, 'Yes.' " Plaintiff excepted. There was a judgment on the verdict in favor of the defendant as set out in the record. To which judgment the plaintiff excepted and appealed.

*Avery & Irwin* and *M. H. Yount* for plaintiff.
*A. A. Whitener, W. A. Self* and *S. J. Erwin* for defendant.

CONNOR, J. The first issue involved the merits of the controversy, and the answer put an end to the plaintiffs' cause of action. The third issue was not necessary, but we do not perceive how it could possibly prejudice plaintiffs. It was answered by the verdict on the first issue.

The defendant's contention does not necessarily involve an allegation of fraud on the part of plaintiffs. If, as he contends, and the jury found, he was induced to sign the contract to sell by a reasonably well grounded belief caused by plaintiffs, without any intention on their part to mislead him, the Court will refuse specific performance and leave the plaintiffs to their action for damages, if they have sustained any. The jury found, at the first trial, that defendant's refusal did not endamage the plaintiffs. We can add nothing of value to what we said in the first appeal.

It has always been held that, in an action for specific performance, parol evidence will be heard, not to contradict or vary the written contract, but to put the Court in possession of all of the facts and circumstances surrounding the treaty and entering into the negotiation, to the end that it may ascertain whether there was any element of fraud, mistake or

unfair advantage taken by the party seeking the equitable aid of the Court. In the leading case upon this subject, Sir William Grant, M. R., after laying down the general rule excluding parol evidence, to vary, alter or contradict the terms of a written contract, says: "But when equity is called upon to exercise its peculiar jurisdiction by decreeing a specific performance, the party to be charged is let in to show that, under the circumstances, the plaintiff is not entitled to have the agreement specifically performed." *Woolam v. Hearne,* 7 Ves., 211; L. C., Eq., Vol. II, part 1, 510. The evidence was competent for the purpose for which it was admitted. Defendant did not deny that he had signed the contract as it was written, nor did he allege that it had not been correctly read to him, but that he was induced to enter into it by the promise of the plaintiff to transfer to him the option on the Sigmon farm. His Honor's charge upon the first issue was correct. Without imputing any intentional wrong to any of the parties, equity will not give the plaintiffs an unfair advantage over the defendant by enforcing one part of the contract, and leaving the other unperformed. The judgment of his Honor was in accordance with the former decision of this Court. There is

No error.