CHARLES WALKER et al. v. JOSEPH F. WALKER et al.

(Filed 20 October, 1909.)

1. **Partition—Heirs at Law—Marriage—Declarations—Evidence—Harmless Error.**

    When, in proceedings for partition of lands brought by petitioners alleging title in common with defendants, as heirs at law of A., children by his marriage with E., an issue is submitted as to whether the petitioners were the children of A. and E., testimony of a witness as to the declarations of E., the mother, that she was never married to A. is competent evidence upon the question of the married relationship, and tenancy in common (*Spaugh v. Hartman*, 150 N. C., 454, cited and approved) ; and in this case the admitted declarations of E. expressing a legal opinion of her rights and the rights of her children, were harmless error.

2. **Issues—Determination of Controversy—Other Issues—Harmless Error.**

    An issue submitted that does not prejudice the rights of the complaining party, though unnecessary, the whole controversy being correctly determined upon another issue, is harmless error.

3. **Slaves—Marriage—Instructions—Legitimate Children.**

    Upon the question of inheritance by the children of slaves, dependent upon what constituted the married relationship of slaves before their emancipation, it was not error of the trial judge to charge that the jury were to ascertain from the evidence whether the claimants were the children of A. and E., and not whether they were the legitimate children, especially when more definite instructions were not requested.

4. **Instructions—Contentions.**

    It is the duty of the trial judge to call the contentions of the parties to the attention of the jury when supported by the evidence, and his properly doing so can afford no just ground of exception.

5. **Instructions—Admonitions.**

    Impartial admonitions of the trial judge to the jury as to the importance of the case to the parties, is not just ground for exceptions.

APPEAL from *W. R. Allen, J.,* May Term, 1909, of NEW HANOVER.

This is a proceeding for partition, instituted before the Clerk of the Superior Court of New Hanover County and, upon issues being raised on the pleadings, transferred by him to the Superior Court.

The plaintiff alleged that Arnold Walker, a slave, died in 1864, seized and possessed of the land sought to be partitioned, leaving as his heirs at law the plaintiffs and defendants, whose several interests are set forth, and demanding a sale for partition.  The

defendants denied all the material allegations of the petition; pleaded sole seizin and title by open and adverse possession for more than twenty years; denied that plaintiffs were either the heirs at law or children of Arnold Walker; denied that the re-lationship of husband and wife existed between said Arnold and Clara Hoskins, the ancestors of plaintiffs; and denied that Arnold, being a slave, was capable of owning land. His Honor submitted the following issues to the jury:

1. Were Charles, Emma and Sophie children of Arnold and Clara?

2. If so, were Arnold Walker and Clara living together as man and wife at the time of the birth of said children?

3. Have the defendants been in the adverse possession of the land in controversy for twenty years prior to the commencement of this action?

The jury answered the first issue "No," and, under his Honor's instructions, did not answer the other issues. His Honor ren-dered judgment for defendants and against plaintiffs, adjudging they were not tenants in common with defendants, and for costs. The plaintiffs appealed.

*John D. Bellamy* and *R. G. Grady* for plaintiffs.
*Ricaud & Empie* for defendants.

MANNING, J. The plaintiffs, in deraigning the title of the alleged common ancestor, Arnold Walker, offered a deed from Alec MacRae to Peter M. Walker, dated 28 July, 1854, the *habendum* of which is as follows: "To have and to hold the above-bargained land and premises to him, the said Peter M. Walker, and his heirs, forever, in trust, to permit said Arnold Walker to have and occupy and enjoy said lots, and his children after him, or such of them as he shall designate, forever." The deed described the land involved in this controversy, and the Arnold mentioned was Arnold Walker, the alleged common an-cestor. The defendant objected to the deed, upon the ground that, as Arnold Walker was a slave, he was incapable of holding either the legal or equitable estate in lands. His Honor admit-ted the deed. In the view we take of the other questions de-cisive of this appeal, we do not deem it necessary or advisable to pass upon this question, which was so ably argued before us by counsel for defendants. The defendants did not appeal. There was much testimony offered at the trial by plaintiffs tending to show that the Charles, Emma and Sophie mentioned in the first issue were the children of Arnold Walker by Clara Hoskins, and that the said Arnold and Clara sustained the relation of man

and wife and of a possession common to both plaintiffs and de-
fendants.    The defendants also offered much testimony contro-
verting the truth of Arnold's paternity of Charles, Emma and
Sophie, and of the relation of husband and wife between Arnold
and Clara at the time of the birth of Charles, Emma and Sophie,
and tending to show the adverse possession of the defendants and
their ancestors under a claim of right for more than twenty
years.    During the trial the defendants offered Mrs. Carolina
Bloom as a witness, who testified that she knew Clara Hoskins
(the ancestress of plaintiffs) and had a conversation with her,
and the following question was asked her, viz.: "State to his
Honor and the jury what she told you about the property." She
answered: "I could tell you nothing, except she said she had
no right to property.    Her children could not get anything
from property; that she was never married to Arnold." The
plaintiffs objected to both question and answer, and, being over-
ruled, excepted.    This constitutes the first exception.    This tes-
timony was offered by defendants, after much evidence from the
plaintiffs had been received tending to establish the paternity of
Clara's children, Charles, Emma and Sophie, and also to estab-
lish the living together of Arnold and Clara as man and wife.
In *Spaugh v. Hartman,* 150 N. C., 454, this Court said: "By
the common law it is held to be a general rule, of universal appli-
cation in civil cases, except in actions for criminal conversation,
that reputation, cohabitation, the declarations and conduct of the
parties are competent evidence to prove that the marriage rela-
tion subsisted between them.    *Archer v. Haithcock,* 51 N. C.,
421; *Jones v. Reddick,* 79 N. C., 291; *Weaver v. Cryer,* 12 N. C.,
337."    This case, it would seem, is decisive of the correctness of
his Honor's ruling admitting the testimony of Mrs. Bloom, giv-
ing the declarations of Clara as to her relations to Arnold.    That
part of Clara's declarations in which she expresses an opinion of
her legal rights and the legal rights of her children in the prop-
erty was incompetent, but it is inconceivable how her opinion of
her legal rights could have been of the slightest influence upon
the jury, directed by an able judge, in determining any issue sub-
mitted to them, or how the plaintiffs were prejudiced thereby.
Her declarations as to her relations with Arnold were competent,
under the authority of the case above cited.    Besides, the issue
which this evidence tended to establish in favor of the defend-
ants was not answered by the jury.

    The plaintiffs' second assignment of error is the submission of
the second issue.    This issue was not answered by the jury, the
case being determined by the answer to the first issue.    This was
the case in *Rudisill v. Whitener,* 149 N. C., 439, the first head-

note of that case being: "An issue submitted that does not prejudice the rights of the complaining party, though unnecessary, the whole controversy being correctly determined upon another issue, is harmless error." *Hayes v. Railroad,* 141 N. C., 195; *Cumming v. Barber,* 99 N. C., 332.

The complaint, or petition, contained the averment that Clara Hoskins was the second wife of Arnold Walker. The answer denied this, and the determination of this was presented by the second issue complained of. However, the jury, by its answer to the first issue against the plaintiffs, determined the controversy; and while it would not have been error if his Honor had not submitted this issue, we cannot see that the plaintiffs were prejudiced thereby.

The third assignment of error is made to "the failure of his Honor to charge the jury as to what constituted relationship. of man and wife among slaves prior to the emancipation of the colored race." His Honor instructed the jury that they were to ascertain from the evidence whether Charles, Emma and Sophie were the children of Arnold and Clara—not whether they were the legitimate children. We do not see how the question presented by the first issue could have been more pointedly and concisely stated. No amount of elaboration could have elucidated it. Besides, the plaintiffs submitted no prayer for more definite instructions, and, having failed to do so, it has been frequently held by this Court they cannot complain, unless the charge given is itself erroneous. *Craft v. Timber Co.,* 132 N. C., 151; *Kendrick v. Dellinger,* 117 N. C., 491; *Nelson v. Tobacco Co.,* 144 N. C., 418, and cases cited; Pell's Rev. 1908, sec. 538.

We do not think this assignment or error can be sustained. The fifth and eighth assignments of error are governed by the cases above cited, and must be disposed of in the same way. The fourth assignment of error was earnestly pressed before us, but a careful and critical examination of the able charge of his Honor satisfies us that the plaintiffs have mistaken the placing and setting of that part of the charge embraced in this assignment of error. His Honor was in this particular stating the contentions of the defendants, and there was evidence offered at the trial supporting this contention. It has been frequently decided by this Court that it is the duty of the trial judge to call the attention of the jury to those contentions of the parties supported by evidence. The cases will be found collected in Pell's Rev. 1908, vol. 1, sec. 353, p. 265. His Honor's entire charge, with all the evidence offered at the trial, is set out in the record, and it seems to us, after a careful examination, that every contention that could

reasonably have been made, upon the evidence by both the plaintiffs and defendants, is clearly and carefully stated by his Honor. We cannot, therefore, sustain the fourth assignment of error.

The sixth assignment of error relates exclusively to the third issue, and, as that was not answered by the jury, it has become unnecessary to pass upon that. It is not seen that by this any harm came to the appellants, and we overrule this assignment.

The seventh assignment of error is to an excerpt from that part of his Honor's charge impressing upon the jury the importance of the case to the parties, and admonitions to carefully and fully consider all the evidence and, after so doing, determine their verdict. His Honor forcefully but impartially directed the attention of the jury to the importance of the case to the plaintiffs and defendants, that it might receive from the jury in their deliberations the more careful consideration. We can see no error in the charge of his Honor to the jury in this particular. After a careful examination of the plaintiffs' exceptions, we find

No error.