J. W. BIRD v. THE BELL LUMBER COMPANY ET AL.

(Filed 1 October, 1913.)

1. Master and Servant—Safe Appliances—Negligence.

The master is required to furnish his employees operating a cotton gin with equipment and appliances which are known, approved, and in general use; and he is liable for injuries received by his employees, within the scope of their duties, which are proximately caused by his failure to have done so, or such failure will afford evidence from which his negligence may be inferred.

2. Same—Duty of the Servant to Repair—Contributory Negligence.

Where the foreman or general manager of one of several large farms owned by the master, on which there was a cotton gin, had ample authority and available means for keeping the gin in proper repair, and was charged with the duty of doing so, is injured while attempting to shift the power belt of the gin with

a hoe handle, the gin having originally been equipped with levers with which the belt could have been thus shifted without appreciable risk, the damages sustained are attributable to the fault of the servant and as a consequence of his neglect to perform the duty intrusted to him, and he may not recover in his action against the master.

3. Same—Immediate Commands—Evidence—Questions for Jury.

While the immediate command of the master may at times justify conduct of the servant in attempting to work a defective power machine which might otherwise be imputed to his contributory negligence, the question, upon conflicting evidence, as to whether at the time of the injury consequently received, the servant was so acting, is for the jury, under proper instructions from the court.

4. Evidence — Delayed Demands—Recollection of Witnesses—Substantive Evidence.

In an action to recover damages for an injury alleged negligently to have been inflicted, it is competent to show that no claim had been made on the defendant for "nearly a year later" as bearing upon the recollection of the witnesses, and under certain conditions, it is in itself a relevant circumstance affecting the validity of the claim.

5. Instructions — Construed as a Whole —."Contentions"—Application of Evidence.

A charge of the trial judge to the jury should be considered as a whole, and where he has given a general statement of the defendant's contention under one issue, containing some matter applicable only to a different one, it will not be necessarily held for error when it appears that he gave only legal significance to the evidence as it correctly related to each of the several issues.

6. Appeal and Error—Evidence—Verdict—Harmless Error.

Where in an action involving the issues of negligence and contributory negligence, evidence has been improperly admitted on the second issue, and the answer to the first issue has been in the appellant's favor, the error is rendered harmless by the verdict of the jury.

APPEAL by plaintiff from *Carter, J.,* at the May Term, 1913, of WAYNE.

This action was to recover damages from defendant company for physical injuries caused by reason of the alleged negligence of

said defendant in failing to supply safe and suitable equipment for a cotton gin owned by the company and operated for their benefit.

The cause was submitted on the three issues, (1) of negligence, (2) of contributory negligence, (3) damage. The jury answered the first issue in favor of plaintiff.

Judgment on the verdict, and plaintiff excepted and appealed.

*W. C. Munroe and G. E. Hood for plaintiff.*
*Dortch & Barham and Langston & Allen for defendant.*

HOKE, J. We find no reversible error on the record, assuredly none which gives plaintiff any just ground of complaint. From the facts in evidence, it appears that on 29 November, 1911, plaintiff received serious physical injuries while engaged in running a cotton gin for defendant company; the said injuries being caused by reason of the endeavor on part of plaintiff to shift the power belt of the gin, using a hoe handle for the purpose. That the gin when in order was equipped with levers for the purpose and by which the belt could be shifted without appreciable risk. We have repeatedly held that in the operation of machinery of this character the employer must supply his employees with equipment and appliances which are known, approved, and in general use, and that a failure to do so will amount to negligence, or will afford evidence from which such negligence may be inferred. In the present case, however, it was further made to appear that defendant company, owned and controlled by the other defendants, John R. Bell and L. A. Bird, were engaged in an extensive business operating two or three large farms, two cotton gins, and two or three sawmills, etc.; that at the time of the occurrence the plaintiff, who was a brother of one of the defendants, was overseer of one of these farms, having separate control of the same and the gin situate thereon, as foreman and general manager. That plaintiff was fully aware of the dangers incident to the defect, and while the risk was thereby much increased, the device was simple in structure, and plaintiff had the authority and it was part of his duty to have this and other necessary repairs made, and the material,

tools, and facilities were at hand for the purpose, or could have been readily procured. There is also evidence on the part of the defendant, unchallenged in the record, that a repair shop was accessible, and from this a machinist or mechanic could have been had to do this work. In this aspect of the testimony it could very properly be maintained that the plaintiff has suffered by reason of his own default, the case coming well within the decision of *Lane v. R. R.*, 154 N. C., as follows: "An employee whose duty it is to make a second inspection of freight cars before they leave the railroad yards in a train, and to see that the car doors are properly fastened, secured, and in condition, assumes the risks of his employment and cannot recover damages caused by a car door swinging loose and down at one end of the rail at the top, along which the door runs upon wheels, when he is furnished with appliances sufficient to repair a defect at the bottom of the door, readily discernible, and when its repair would have prevented the injury complained of."

It was insisted for plaintiff that this position should not prevail against him by reason of certain testimony tending to show that he acted at the time under the immediate command of the proprietors or one of them, giving him at the same time assurances that the repairs would be made. The principle is sound under certain conditions. We have frequently held that the orders of a superior may at times justify conduct which might otherwise be imputed for contributory negligence (*Allison v. R. R.*, 129 N. C., 336; *Patton v. R. R.*, 96 N. C., 455), but there is doubt if such an interpretation of the evidence is permissible in the present case. Speaking to this matter, the plaintiff, a witness in his own behalf, having stated that he was in charge of the farm and gin and had the repairs made, etc., testified that on one occasion Mr. Bell was down there when one of the levers had broken off, and he asked witness if this made it very dangerous, and witness replied, "No, not very," and Mr. Bell replied, "If you can do so, keep on and maybe things will slack up and you can fix it." Recalled, the witness in reference to this conversation said: "Mr. Bell asked me if there was any danger about the broken lever," and witness replied, "Not very

much," and Mr. Bell replied, "Well, go ahead, and maybe there will come a rainy day and we could catch up and fix it." Witness further said that on one occasion his brother, Mr. Bird, was down there when both levers had broken, and witness told him about it, and he said, "He didn't have any timber, and would have Mr. Summerlin to fix them next morning, and for witness to go ahead."

It does not distinctly appear ·at what time this ˙conversation with Bird took place, whether at the time of the occurrence or not. Both of the proprietors deny that they had any such conversation, and testify that being there on different occasions, ·they noted that the levers were broken and suggested or directed that they be properly repaired. It does not seem that either one of them was intending to take charge of matters or that they were acting in displacement of plaintiff's authority as manager. Certainly, under the circumstances indicated, the only view of the case that would justify imputing responsibility to defendant for the injury would be that plaintiff acted on the requirement of the proprietors or one of them, and this question was referred to the jury under a proper charge on the first issue and.they have determined the fact against the plaintiff. They have necessarily said that no such command was given, and this being true, the plaintiff has shown no right to redress. There are objections to the rulings of the court on questions of evidence, but they do not affect the result.

The defendant was allowed to ask the witness Bell when he first received notice that any claim was made against the company, and who made answer, "Nearly a year later." The time elapsed in preferring a claim has direct bearing on the recollection of the witnesses and under certain conditions may in itself be a relevant circumstance affecting the validity of the claim. Wigmore on Evidence, sec. 284.

It·was earnestly urged that the court improperly allowed reception of testimony tending to show careless conduct of plaintiff about the machinery on other occasions. This was evidence chiefly bearing on the second issue, that in reference to contributory negligence, and the jury having answered the first issue

in favor of the plaintiff, the error if committed has become harmless. It is true, his Honor referred to this testimony in charging the jury on the first issue, but a perusal of the record will show that his Honor was then giving a general statement of the defendant's contentions, and that he only gave the testimony legal significance in his charge on the second issue. Considering the charge as a whole, and it is right so to consider it (*Kornegay v. R. R.,* N. C., 154 at p. 390; *S. v. Exum,* 138 N. C., 599), we are of opinion that every position available to plaintiff has been fairly and correctly referred to the jury, and no reason appears for disturbing the results of the trial.

No error.