E. L. THOMPSON v. P. C. CLAPP ET AL.

(Filed 27 October, 1920.)

**Contracts, Written—Evidence—Parol Evidence—Rebuttal— Equity— Estoppel in Pais.**

> Parol evidence is admissible, in defense to an action for specific performance of a written contract to convey land, that after the execution of the contract sued on, the parties had agreed that a survey of the lands should be made in two weeks, and the purchase-money then paid, and in default thereof the plaintiff should lose all his rights, under the principles that parties to a written contract may rescind it by parol or abandon it by matters *in pais;* and that, in equity, such testimony may rebut, but not raise a suit for specific performance.

APPEAL by defendant from *Calvert, J.,* at May Term, 1920, of ALAMANCE.

This is an action for specific performance of a contract to convey land made 13 April, 1915. The defendant admitted the execution of the contract sued upon, but alleged a parol agreement on 17 April, 1915, that the survey of the property required by the contract should be made within two weeks, and the purchase money was then to be paid, but that in default of the survey being made within two weeks the plaintiff was to forfeit all rights.

The agreement to convey within two weeks was not complied with by the plaintiff, and the defendant notified him that the contract was no longer binding on the defendant, and on 1 May, 1915, returned to the plaintiff the $25 which he had paid at the time the original contract was made.

The defendant excepted: (1) Because the court refused to let the defendant offer evidence to show the abandonment of the contract. (2) The refusal of the court to let the plaintiff answer the question, "Did you not agree that if the survey was not made within two weeks that the sale should be considered off?" (3) That the court refused to allow the defendant to prove by parol the abandonment of the contract. (4) For refusal of the court to instruct the jury that "Plaintiff had no right under the contract set out in the complaint to demand of the defendant the conveyance of the land until the survey had been made, and it being admitted by the plaintiff that no such survey of said land had ever been made, the jury should answer the first and second issues 'No.'"

Verdict and judgment for plaintiff; appeal by defendant.

*Long & Long and Parker & Long for plaintiff.*
*W. H. Carroll and R. C. Strudwick for defendant.*

CLARK, C. J. In *May v. Getty,* 140 N. C., 310, the Court held, citing many authorities, that parties to a written contract may by parol rescind, or by matters *in pais* abandon the same.

In *Rudisill 'v. Whitener,* 149 N. C., 439, the Court held that the enforcement of specific performance, being an equitable matter, it is always admissible to show any good reason why specific performance should not be decreed. The matters here offered were competent for that purpose, and could have been shown by parol.

It was also error to refuse to permit the plaintiff to answer the question: "Did you not agree that if the survey was not made within two weeks that the sale should be considered off?" In *Holden v. Purefoy,* 108 N. C., 167, the Court said: "It has long been settled that a parol waiver of a written contract under the statute of frauds, amounting to a complete abandonment, and clearly proved, will bar specific performance."

In *Herren v. Rich,* 95 N. C., 500, which was an action for specific performance on a contract very similar to this case, it was held that although the contract was under seal, parol evidence was permissible to show any good reason why the equitable relief prayed for should not be granted. There are many authorities to the same effect.

. It is a principle of equity that parol testimony is permissible to rebut, but not to raise an action for specific performance. "While parol testi-

mony is not admissible for the party seeking specific performance to vary or add to the terms of a written contract, it is always admissible in behalf of a defendant ·resisting it." *Mayer v. Adrian,* 77 N. C., 91, and cases there cited, and citations thereto in the Anno. Ed. The authorities to this effect are numerous.

The evidence excluded should have been admitted. Its weight and the effect to be given to it was a matter for the jury. The motion of nonsuit was properly refused, but for the reasons above given there must be a

New trial.