STATE v. J. T. JEFFREYS.

(Filed 22 September, 1926.)

**Criminal Law—Bigamy—Reputation — Evidence — Appeal and Error— Statutes.**

Evidence of rumors or neighborhood reports are not competent on indictments for bigamy, bigamous cohabitation, or criminal conversation.

APPEAL by defendant from *Sinclair, J.,* at March Term, 1926, of the Superior Court of JOHNSTON County upon a conviction of bigamous cohabitation under C. S., 4342. New trial.

In order to prove the second marriage the State offered the following evidence: "J. V. Woodard, was asked by the solicitor what the neighborhood report was as to the defendant being married to Mrs. Raeburn, to which the defendant objected. Objection overruled, and the defendant excepted. Witness testified that the neighborhood report was that they were married. The defendant moved to strike out this evidence. Motion overruled, defendant excepted. The solicitor then asked the witness as to the general report that the defendant and Mrs. Raeburn were living together. Defendant objects—objection overruled and defendant excepts. Witness testified that the general neighborhood report

was that they were living together. Defendant moved to strike out this testimony; motion overruled and defendant excepts.

"The State offered Mrs. Woodard, as witness: The solicitor asked her as to the neighborhood report about the defendant and Mrs. Rae-burn being married. Defendant objects; objection overruled and defendant excepts. Witness testified that the neighborhood report was that they were married. Defendant moves to strike out this evidence; motion overruled and defendant objects. The solicitor then asked the witness if the defendant and Mrs. Raeburn were living together. Answer: She did not know. The solicitor asked her as to the report, to which the defendant objected; objection overruled and defendant excepted. She answered that the report was that they were living together. The defendant moved to strike out this evidence; motion overruled and defendant excepted."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Parker & Martin for defendant.*

ADAMS, J. Hearsay evidence is such as does not derive its value solely from the credit given to the witness himself, but rests in part on the veracity and competency of some other person. No rule is more firmly established than that which excludes evidence of this character; but to this, as to most other general rules, there are some exceptions. One of these exceptions relates to marriage. In *Morgan v. Purnell,* 11 N. C., 95, 97, it is said: "Common reputation in the family is admissible as evidence of a marriage in that family; and it is said that the declarations of an individual of that family are evidence of that common reputation." Two years afterwards it was held that this principle does not apply to actions from criminal conversation *(Weaver v. Cryer,* 12 N. C., 337) and the latter ruling was followed in *Jones v. Reddick,* 79 N. C., 290. In *Archer v. Haithcock,* 51 N. C., 421, *Pearson, C. J.,* said: "It is held to be a general rule that reputation, cohabitation, and the declarations and conduct of the parties are competent evidence of a marriage between them, except in two cases, i. e., on an indictment for bigamy and in an action of 'crim. con.' " Bigamy is made an "exception to the exception" also in *Turner v. Battle,* 175 N. C., 219, 222. Whether the indictment be treated as a charge of bigamy, bigamous cohabitation, or criminal conversation, mere rumors or neighborhood reports are not admissible in evidence. *Hopkins v. Hopkins,* 132 N. C., 25, 30; *S. v. Holly,* 155 N. C., 485. The defendant's objection to the evidence should have been sustained and for this reason there must be a

New trial.