W. F. PICKETT and Wife v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 6 October, 1910.)

1. Pleadings—Amendments—Damages—Limitation of Actions.

An amendment to the complaint in an action against a railroad company to recover damages to a crop caused by diversion of the natural flow of water, so as to allege permanent damages to the land (Revisal, 394-2) does not add a new cause of action, but relates only to the measure of damages arising from the injury; and the statute of limitations (Revisal, sec. 394-2) will not bar the plaintiff by reason of the amendment alone.

2: Evidence—Photographs.

After preliminary proof of the correctness of photographs taken of lands on which damages are alleged to have been caused by the diversion of water from its natural flow by an adjoining owner, it is competent for a witness to use them to explain his testimony as to what effect the diversion of the water had upon the land.

3. Instructions—Modifications.

A modification of instructions requested, which is necessary, in view of the evidence and the nature of the issue being tried, to confine the investigation of the jury to the real questions presented and to state with accuracy the law applicable, is not erroneous.

APPEAL by defendant from *Guion, J.,* at the February Term, 1910, of DUPLIN.

The facts are sufficiently stated in the opinion.

*Rountree & Carr* for plaintiff.
*Davis & Davis* and *H. L. Stevens* for defendant.

WALKER, J. This action was brought to recover damages for injury to plaintiff's land by the diversion of water, caused by the defendant in repairing one of its trestles, whereby the water was turned from its natural course, or that direction in which it was wont to flow, and emptied upon the land of plaintiff, filling the ditches, preventing effective drainage and flooding the land. The plaintiffs, Annie Pickett and her husband, W. F. Pickett, originally sued for damages to the crops of the *feme* plaintiff, but on 21 February, 1910, by leave of the court,

amended their complaint by inserting the following allegation: "That by reason of the acts of the said defendant hereinbefore set out and alleged the said lands of the plaintiffs have been rendered almost worthless for farming purposes and have been permanently injured and damaged, exclusive of the annual damage to crops, in the sum of six thousand dollars." They had alleged the damage to crops to be $2,000. Defendant denied that there had been any wrongful diversion of water by it which injured the plaintiffs' land, and pleaded the statute of limitations. Revisal, sec. 394 (2).

There was much testimony introduced by the parties as to the alleged injury to the land by the diversion of water. Plaintiff introduced in evidence certain photographs of the premises, showing the condition of the land after the diversion of the water. The court, over defendant's objection, permitted these photographs to be used for the purpose of enabling a witness to explain his testimony as to what effect the diversion of the water had upon the land. Preliminary proof was heard as to the correctness of the photographs and as to the time and the manner in which they were made. There was no error in admitting them for the purpose indicated. Wigmore on Evidence, secs. 790 and 792; *Hampton v. R. R.,* 120 N. C., 534; *Davis v. R. R.,* 136 N. C., 115.

The defendant contended that, in order to determine whether the statute of limitations barred the plaintiffs' action as to permanent damages, time should be counted to the date of the amendment of the complaint. We do not think the amendment added a new cause of action, but related only to the quantum of damages. The cause of action was the injury to the land and the consequent damage. The statute (Revisal, sec. 394-2), requires that the jury shall assess the entire damages which the aggrieved party is entitled to recover by reason of the wrong of which he complains. The allegations of the original complaint were sufficient to authorize a recovery of such damages as resulted from the injury, and the additional allegation that the injury alleged in the complaint is of a permanent nature, and asking for the assessment of permanent damages, did not essentially change the cause of action. The amendment merely laid

the foundation for a recovery of all damages which the statute required to be assessed in this kind of action, instead merely of a part thereof. *Simpson v. Lumber Co.,* 133 N. C., 95. In the case of *Beasley v. R. R.,* 147 N. C., 362, we held that the assessment of "permanent damages" in a case against a railroad for injuries to land in the construction or repair of its roadbed, is made compulsory by Revisal, sec. 394, subsec. 2.

The statute begins to run from the date of the first substantial injury. *Stack v. R. R.,* 139 N. C., 366; *Staton v. R. R.,* 147 N. C., 428; *Ridley v. R. R.,* 118 N. C., 996; *Beach v. R. R.,* 120 N. C., 498.

We have carefully considered the instructions of the court, both those given in response to the defendant's prayers and those to be found in the charge, and it appears therefrom that the case was fully and fairly submitted to the jury upon the main issue and the statute of limitations. Where the court modified the instructions as requested by the defendant, there was no error committed, as the amendments were necessary, in view of the evidence and the nature of the issues being tried, to confine the investigation of the jury to the real questions presented and to state with accuracy and precision the law in regard thereto. It seems to us that the court substantially gave every instruction pertinent to the case, and we have found no reversible error in its rulings. The case is without any complication, and depends largely for its decision upon the view taken by the jury of the conflicting evidence.

No error.