R. H. HARDY AND N. D. MEWBORN v. N. C. MITCHELL.

(Filed 27 September, 1911.)

1. Negotiable Instruments — Indorsees — Consideration — Notice— Verdict Inconsistent—Procedure.

In an action brought by the indorsees of a negotiable instrument before maturity to recover against the makers, the defense was that the note was without consideration and that the indorsees bought with notice at the time of purchase. Upon a former trial the jury found: (1) That the note was indorsed in due course before maturity; (2) that it was not given for a valuable consideration; (3) that the plaintiffs were not purchasers with notice. The presiding judge set aside the verdict on the third issue, and at a subsequent term the jury found that the plaintiffs were purchasers with notice, and the trial judge rendered judgment for plaintiff : *Held*, the findings of the issues by the two juries were inconsistent, and the verdict should have been set aside.

2. Negotiable Instruments—Want of Consideration—Defense.

The absence of consideration for a negotiable instrument is a defense against any one not a holder in due course. Revisal, sec. 2176.

3. Negotiable Instruments—Due Course—Inconsistent Verdict.

A finding by the jury, in an action upon a negotiable instrument, that the note was indorsed to plaintiff in due course, involves the finding that the plaintiff was a purchaser for value, before due, and without notice of any infirmity, and is inconsistent with a further finding that the note was without consideration and that plaintiff purchased with notice.

APPEAL by defendant from *Peebles, J.,* at May Term, 1910, of GREENE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*L. V. Morrill and Aycock & Winston for plaintiff.*
*J. P. Frizzelle and G. V. Cowper for defendant.*

ALLEN, J. This action was instituted to recover the amount of a note for $250, executed by the defendant to J. T. Canady, and indorsed by him to R. G. Canady and by R. G. Canady to the plaintiffs.

The plaintiffs allege that they purchased said note before it was due, and that they are the holders thereof in due course.

The defendant alleges that the note was without consideration, and that the plaintiffs had notice of this infirmity at the time they bought it.

At May Term, 1910, of the Superior Court, the action came on for trial, and the following verdict was rendered by the jury:

"1. Was the note indorsed to plaintiffs in due course before maturity? Answer: Yes.

"2. Was the note given for a valuable consideration? Answer: No.

"3. If not, did plaintiffs have notice of such want- of consideration at the time they purchased the note, if they did purchase the same? Answer: No.

"4. Was the note sued on purchased by fraud and under circumstances against public policy, as set out in the answer? Answer: No."

The judge who presided at said term, in the exercise of his discretion, set aside the finding of the jury on the third issue, and ordered that it be tried anew, and declined to set aside the findings on the first, second, and fourth issues.

The action again came on for trial at May Term, 1911, of said court, and the jury answered the third issue, "Yes."

The judge who presided did not set aside the finding of the jury, but rendered judgment in favor of the plaintiff.

In this condition of the record a new trial must be ordered of the issues raised by the pleadings, because of the inconsistent findings of the two juries.

The first jury has found, in response to the first issue, that the plaintiffs are the holders of the note in due course, and, if so, they purchased it for value, before it was due and without notice of any infirmity. These are necessary elements to constitute one a holder in due· course, as is shown by Rev., sec. 2201:

"2201. *What constitutes a holder in due course.* A holder in due course is a holder who has taken the instrument under the following conditions: (1) That the instrument is complete and

regular upon its face; (2) that he became the holder of it before it was overdue and without notice that it has been previously dishonored, if such was the fact; (3) that he took it for good faith and value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The first jury also says there was no valuable consideration given for the note, and the second jury finds that the plaintiffs had notice of the want of consideration at the time of their purchase.

Under section 2176 of the Revisal, absence of consideration is a defense against any one not a holder in due course. In other words, the plaintiffs were entitled to judgment on the first issue, because it involved the finding that they were purchasers for value, before due, and without notice of any infirmity, and the defendant was entitled to judgment on the second and third issues, finding that the note was without consideration and that the plaintiffs had notice of the infirmity.

As was said in *Kornegay v. Kornegay,* 109 N. C., 191, in reference to inconsistent findings of a jury: "In such a state of uncertainty, the verdict must be treated as void, and a new trial directed to be had."

New trial.