R. H. HARDY AND W. D. MEWBORN v. N. C. MITCHELL.

(Filed 26 February, 1913.)

1. Negotiable Instruments—Indorsers—Due Course—Instructions.

Where the defense to an action on a negotiable note involved the question as to whether it was indorsed to the plaintiff in due course, it is error for the trial judge to omit from his charge as to what constituted due course, that the indorsee received it in good faith, for value, and that "at the time it was negotiated he had no notice of any infirmity in the instrument or any defect in the title of the person negotiating it"; but in this case the error was rendered harmless when construed with the other parts of the charge, wherein the burden was placed on the plaintiff to show that he had no knowledge of the infirmity of the note or of any defect in the title of the person negotiating it.

2. Instructions—Statements of Fact—Objections and Exceptions— Appeal and Error.

In an action upon a note, a charge to the jury that the amount paid for the note was not controverted, was merely a statement as to a fact, and not a conclusion of law, and if an erroneous statement, it was the duty of objecting counsel to have called it to the attention of the judge in time for him to correct it and clear up the misunderstanding, and comes too late when excepted to after the trial.

3. Same—Presumptions.

Where it appears that the judge made a certain statement as to an admission of the parties in his charge to the jury, it will be assumed on appeal to be a correct statement, nothing else appearing; and the record is silent thereon.

APPEAL from *Justice, J.,* at February Term, 1912, of MITCH-ELL.

Civil action brought to recover upon a note.

These issues were submitted to the jury:

First. Was the note given for a valuable consideration? Answer: No.

Second. Was the note sued on procured by fraud and under circumstances against public policy, as set out in the answer? Answer: Yes.

Third. Was the note sued on indorsed to plaintiffs in due course and before maturity? Answer: Yes.

From the judgment rendered, the defendant appealed.

*L. V. Morrill and L. I. Moore for plaintiffs.*

*J. P. Frizzelle, G. V. Cowper, and L. R. Varser for defendants.*

BROWN, J. This case was before this Court at a former term and is reported in 156 N. C., 76, which is referred to for a statement of the facts.

His Honor instructed the jury upon the third issue as follows:

"Was the note sued on indorsed to the plaintiffs in due course and before maturity? The burden of that issue is upon the plaintiffs to satisfy you by the weight of the evidence that they received the note in due course.

"In the case of a negotiable instrument, the law applies to it when you say 'due course' the following: That the holder in due course is the holder who has accepted the instrument under the following conditions: That the instrument is complete and regular upon its face, and that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such is the fact."

The defendant excepted to so much of said charge as defines the meaning of "due course" as used in our statute, Revisal, chap. 54, sec. 2201, commonly known as the negotiable instrument statute.

We think the exception is not well taken. It is true that his Honor omitted two essential parts of the definition as laid down in this case, 156 N. C., 76, and *Bank v. Fountain,* 148 N. C., 590, viz., "in good faith and for value," "and at the time it was negotiated to him he had no notice of any infirmity in the instrument or any defect in the title of the person who negotiated it."

We think the omission was fully supplied in subsequent parts of the charge wherein the jury were instructed that the burden was on the plaintiff to show that he had no knowledge of the infirmity in the note and no notice of any defect in the title of the person negotiating it.

Defendant excepts because his Honor instructed the jury that "there is no controversy upon the question that Mewborn paid $225 for the note of $250 and that it is admitted that $225 was paid for the note."

It is true, we find no such admission in the record, but it may have been made orally during the trial and not appear of record, but the instruction was a statement of a fact made to the jury by the court. It was not a conclusion of law. If it was an inadvertence upon the part of the judge, it was the duty of counsel for defendant at the conclusion of the charge, or at some appropriate moment before the case was finally given to the jury, to call the judge's attention to it, so that the misunderstanding could be cleared up and the error corrected at the time. Counsel will not be permitted to sit still and acquiesce in a statement by the court that a fact is admitted when it is not. Counsel should give the court opportunity to correct the error, if in fact one was made.

It is different in regard to matters of law embodied in the charge. To those instructions counsel may note exception after the trial is over, and are not required to except or call the court's attention to them immediately at conclusion of the charge. "We must assume," says *Mr. Justice Allen,* "that the judge correctly stated the admissions of the parties, and if by inadvertence he did not, it ought to have been called to his attention at the time, and cannot be made the subject of exception for the first time in the case on appeal." *LaRoque v. Kennedy,* 156 N. C., 360.

We think it needless to consider the other exceptions. We have examined them and found them to be without merit.

Affirmed.