D. M. ELLIOTT AND V. J. COGGIN v. TALLASSEE POWER COMPANY.

(Filed 24 June, 1925.)

**1. Issues—Pleadings—Appeal and Error.**

Issues clearly and fully arising from the pleadings and supported by the evidence are not subject to exception that those submitted by appellant should have been accepted by the court.

**2. Nuisance—Special Damages—Pleadings—Evidence.**

A civil action for damages for the maintenance of a public nuisance, without allegation or evidence that the plaintiff has been specially or peculiarly damaged, will not lie; and where the damages are recoverable the plaintiff must allege and show an injury suffered by himself.

**3. Evidence—Photographs.**

Witnesses may use photographs for the purpose of explaining their testimony relevant to the inquiry, under proper safeguard confining the photographs to this purpose alone, though they are not introduced in the case as substantive evidence.

**4. Evidence—Health—Opinions of Supreme Court—Appeal and Error— Harmless Error.**

In an action to recover damages to plaintiff's health by defendant's ponding water near his dwelling, caused by the bites of mosquitoes bred by the waters ponded, it is improper for an opinion of the Supreme Court on the subject to be read to the jury, either by court or counsel, for the purpose of establishing a fact or theory, but the party who contends that the theory thus read is a correct one cannot successfully complain on appeal.

APPEAL by plaintiffs from *Sinclair, J.,* at April Term, 1924, of MONT-GOMERY.

Action by plaintiffs, land owners, alleging that the defendant had impounded waters on Yadkin River from which the public, as well as plaintiffs as individuals, had suffered damages, asking that such pond-ing of waters be abated as a public nuisance and for damages. Upon a jury verdict, judgment was rendered for the defendant. Plaintiffs appealed. No error.

Plaintiffs complained that the defendant constructed a dam across Yadkin River at the Narrows, which has impounded the waters into an immense pond extending up said river and out into Montgomery County near plaintiffs' lands. Plaintiffs specified special and peculiar damages in covering a public road with water so that a ferry was used instead of a bridge, and in so infecting the health of the community, including plaintiffs and their families, with malaria resulting from a multitude of malaria-bearing mosquitoes from defendant's pond and otherwise making plaintiffs' property less valuable.

The defendant denied that it created a public nuisance and that the plaintiffs had suffered special or peculiar damages therefrom, but admit-ted that it had impounded the waters of Yadkin River, and alleged that it had legislative permission to flood the road, sanctioned by the road-governing body of the township, and that it had improved the facility of passage over the river by the use of a ferry, instead of the old bridge, and that it had properly guarded the health of the community in the care of its pond and that plaintiffs' health had not been infected by malaria caused by defendant, but that plaintiffs' families had been infected with malaria arising from other causes in the vicinity, such as mosquito-breeding places on plaintiffs' lands and elsewhere, from which a malaria epidemic had resulted.

There was evidence tending to establish the contentions of the respec-tive parties.

His Honor submitted the following issues:

"1. Has defendant created and maintained a public nuisance by obstructing a public road, as alleged in the complaint? Answer: No.

"2. If so, has the plaintiff, D. M. Elliott, been damaged in a special and peculiar way by reason thereof? Answer: ——.

"3. If so, has the plaintiff, V. J. Coggin, been damaged in a special and peculiar way by reason thereof? Answer: ——.

"4. Has defendant created and maintained a public nuisance with respect to health and comfort, as alleged in the complaint? Answer: No.

"5. If so, has the plaintiff, D. M. Elliott, been damaged in a special and peculiar way thereby? Answer: ——.

"6. If so, has the plaintiff, V. J. Coggin, been damaged in a special and peculiar way thereby? Answer: ——.

"7. What damage, past, present, and prospective, is D. M. Elliott entitled to recover of the defendant? Answer: ——.

"8. What damage, past, present, and prospective, is V. J. Coggin entitled to recover of the defendant? Answer: ——."

Plaintiffs tendered the following issues, which the court declined to submit to the jury:

"1. Has the defendant maintained its dam and pond near the premises of the plaintiffs in such a manner as to be a breeding place for the Anopheles mosquito and in such a manner as to cause injury, annoyance, and discomfort to the plaintiffs, as alleged in the complaint? Answer: ——.

"2. Has the defendant by said pond wrongfully obstructed the public highway of Montgomery County to the annoyance and injury of plaintiffs, as alleged in the complaint? Answer: ——.

"3. What damage has the plaintiff, D. M. Elliott, sustained thereby? Answer: ——.

"4. What damage has the plaintiff, V. J. Coggin, sustained thereby? Answer: ——.

"5. Is the maintenance of said dam and pond as aforesaid a public nuisance? Answer: ——."

The jury for their verdict answered the first issue submitted to them "No" and the fourth issue "No," and the court rendered judgment in favor of the defendant.

*B. S. Hurley, W. A. Cochran, J. A. Spence, C. C. Broughton for plaintiffs.*

*R. T. Poole, R. L. Smith & Son, Manly, Hendren & Womble for defendant.*

VARSER, J. Plaintiffs complain that the issues submitted were prejudicial and that the court ought to have submitted the issues they tendered. The issues submitted by the court not only followed the pleadings, but present the questions arising when a public nuisance is alleged with special and peculiar damages to individuals. *McManus v. R. R.,* 150 N. C., 655; *Pedrick v. R. R.,* 143 N. C., 485.

The issues arise on the pleadings (*Geddie v. Williams,* 189 N. C., 333; *DeLoache v. DeLoache,* 189 N. C., 394), and when the plaintiffs allege a public nuisance they cannot successfully complain that the court submitted issues in exact accord with the pleadings.

Issues concern both plaintiff and the defendant; they have mutual rights therein, and it is not error to submit an issue which follows the

allegations, if the allegations are otherwise sufficient in law to raise an issue which is either the cause of action or an integral part thereof.

As to the form of the issues, they are sufficient if they allow both parties to introduce all pertinent evidence and apply it fairly. *DeLoache v. DeLoache, supra.*

The plaintiffs have alleged definitely a public nuisance, not only affecting the public, but they allege special and peculiar damages involving a physical interference with both their personal and property rights. The law is searching and adequate to afford an injured person ample redress. Equitable or legal remedies, or both, will be used, if necessary, to afford complete relief. Of course, in case of a public nuisance interfering only with a public or common right, an action by an individual will not lie; but if this public nuisance is an invasion of private right and causes injury, annoyance, and discomfort to one or more persons, which may come within the sphere of its operation, then a suit at the instance of an individual will lie for damages or abatement, or both, as the nature of the proof may warrant. *McManus v. R. R., supra; Mfg. Co. v. R. R.,* 117 N. C., 579; *Cherry v. Williams,* 147 N. C., 452; *Pedrick v. R. R., supra; Raleigh v. Hunter,* 16 N. C., 12; *R. R. v. Baptist Church,* 108 U. S., 317; *Powell v. Furniture Co.,* 34 W. Va., 804; *District Attorney v. Ellen B. R. R. Co.,* 16 Gray, 242.

Plaintiffs alleged a public nuisance and special and peculiar damages; it was, therefore, incumbent upon them to establish, not only the public nuisance, but the special and peculiar damages, in order to recover.

The trial court did not require the plaintiffs to carry a burden heavier than they alleged as a basis for recovery. The charge of the court below is an able and clear statement of the law. The court was careful to allow the plaintiffs an opportunity to submit all competent evidence to the jury as to the nuisance alleged and the damages alleged, and to apply it fairly.

Every right of the plaintiffs has been carefully guarded and preserved. The charge is fully sustained. *Pruitt v. Bethell,* 174 N. C., 454.

Plaintiffs excepted because certain pictures were submitted to the jury. All of these pictures were used to explain the witnesses' testimony to the jury. It was not error for the court to allow the jury to consider the pictures for this purpose and to give them such weight, if any, as the jury may find they are entitled in explaining the testimony. The charge shows plainly that the court was careful to apply this rule to use of the pictures offered by either side, and when the charge is considered contextually, it appears that the court was cautioning the jury not to consider pictures not in evidence.

When the ruling in the admission of the pictures and the charge of the court are considered together, we are of opinion that the principle announced in *Dobson v. Whisenhant*, 101 N. C., 645; *Morse v. Freeman*, 157 N. C., 385; *Burwell v. Snead*, 104 N. C., 118; *Hoyle v. Hickory*, 167 N. C., 619, has not been violated, but has been upheld.

Plaintiffs further except because the court read to the jury from *Rice v. R. R.*, 174 N. C., 268, as to malaria and its infection into the human system by the female Anopheles mosquito. We do not think it was proper to read to the jury from an opinion of this Court, either in the argument of counsel or in the charge of the court, for the purpose of establishing a fact or a theory in an inductive science (*Huffman v. Click*, 77 N. C., 55). Plaintiffs' exception shows no prejudicial error, for that the excerpt so read to the jury is in exact accord with the theory upon which the case was tried by both plaintiffs and the defendant, and is in strict harmony and support of plaintiffs' allegations as to the cause of the malaria.

It appears from the evidence, and the jury has evidently so found, that the road complained of was not obstructed beyond the defendant's right so to do, according to legislative authority and its agreement with the supervisors who had charge of the same.

There are other exceptions to the admission and to the rejection of evidence. None of these show prejudicial error.

Upon the whole record it appears that the jury has determined a pure question of fact. The charge of the learned and careful judge who tried the case below affords no ground for just complaint. It is a clear, adequate, and definite statement of the law. Therefore, there is

No error.