HENRY HAYES v. LEE FERGUSON, MRS. LEE FERGUSON, SHERMAN TUGMAN AND MRS. SHERMAN TUGMAN.

(Filed 11 April, 1934.)

1. **Mortgages H h—Acknowledgment of feme trustee's deed held sufficient.**

The presumption is in favor of the legality of an acknowledgment to a deed, and where a trustee's deed is signed by the *feme* trustee as trustee, and the notary knew her as the person who executed the deed "for the purposes therein expressed" the acknowledgment is sufficient and will not be declared void for a typographical error on the contention that it was executed by the *feme* trustee, prior owner of the land, in her individual instead of her representative capacity.

2. **Trial E f—Erroneous statement of fact must be brought to trial court's attention in time to correct same upon the trial.**

Where the court states to the jury in its charge that there was no issue of fraud and that this feature of the case had been abandoned, appellant's contention that the question of fraud should have been considered by the jury under one of the issues submitted will not be sustained where the matter was not brought to the trial court's attention in time for correction at the trial.

3. **Mortgages H h—Trustee may make sale by agent or attorney, and it is not required that trustee be present at the sale.**

Recitals in a trustee's deed that the trustee made the sale in pursuance of the power contained in the deed of trust are taken as prima facie correct, and under the statute, C. S., 2581, the sale may be made by an agent or attorney of the trustee appointed for that purpose, and it is not necessary that the trustee be present at the sale.

4. **Trial E h—Where verdict of jury is inconsistent the court may give additional instructions and require redeliberation.**

Where defendants in an action to recover land have no counterclaim because of the elimination of fraud from the case or the abandonment of that element alleged in the answer, it is not error for the court upon the return of a verdict assessing damages on the issue of defendants' counterclaim to give additional instructions that defendants were not entitled to recover damages if the jury should find that plaintiffs were entitled to the land.

APPEAL by defendants from *Finley, J.,* at October Term, 1933, of WILKES. No error.

This is an action to recover about three acres of land. Lee Ferguson and his wife were tenants of Phœbe Tugman. All parties claim under J. I. Myers and are estopped to deny his title. *Collins v. Swanson,* 121 N. C., 67. The plaintiffs offered the following deeds:

1. Deed from J. I. Myers and Retta Myers, his wife, to Phœbe Tugman, dated 1 May, 1924.

2. Deed of trust from Phœbe Tugman and Sherman Tugman, her husband, to Retta Myers, trustee, to secure a debt of $200.00 held against them by J. I. Myers, dated 1 May, 1924.

3. Deed from Retta Myers, trustee, to J. W. Jones, dated 2 June, 1932.

4. Deed from J. W. Jones and Mary Jones, his wife, to Henry Hayes, dated 14 June, 1932.

During the trial on motion of defendants J. W. Jones was made a party plaintiff.

On the debt secured by the deed of trust to Retta Myers, the defendants Phœbe Tugman and her husband were due J. I. Myers $45.00 and the note for this amount was assigned by J. I. Myers to J. W. Jones, who became the holder and had the deed of trust foreclosed. Jones held against Phœbe Tugman and her husband another debt of $96.96 with interest from 13 August, 1930, for merchandise, which was secured by a mortgage they subsequently gave to Jones.

The defendants pleaded fraud in the execution of the latter mortgage, but the jury was instructed that this defense had been abandoned.

Verdict:

1. Is the plaintiff the owner and entitled to the possession of the lands in controversy? Answer: Yes.

2. If so, what amount, if any, is the plaintiff entitled to recover as damages by reason of the defendants being in the unlawful possession of the land, as alleged in the complaint? Answer: None.

3. What amount, if any, are the defendants entitled to recover by reason of the counterclaim, as alleged in the answer? Answer: None.

Judgment for plaintiffs; appeal by defendants.

*Ralph G. Bingham and Charles G. Gilreath for appellants.*
*B. T. Henderson, J. A. Rousseau and J. H. Whicker for appellees.*

PER CURIAM. A number of exceptions were taken during the trial but all except those referred to in the opinion have been abandoned.

First exception. The appellants excepted to the introduction of the deed executed by Retta Myers as trustee on the ground that the acknowledgment is defective. The parties admit that the record of the acknowledgment contains a typographical error and that the only question is whether the grantor acknowledged the deed individually or in her capacity as trustee. She signed the deed as trustee and was known to the notary as the person who executed it "for the purposes therein expressed." The certificate is in substantial conformity with the law. *Finance Co. v. Cotton Mills,* 182 N. C., 408. The presumption is in favor of its legality. *Power Co. v. Power Co.,* 168 N. C., 219.

Fourteenth exception. In his charge to the jury his Honor remarked, "There is no issue of fraud, and I take it that feature is abandoned. . . . No issue of fraud is submitted to you." The appellants say that the jury should have been permitted to consider the question of fraud under the third issue. If they were of this opinion they should have called the court's attention to it. The question arose in *Hardy v. Mitchell,* 161 N. C., 351, in reference to which the Court said: "It is true, we find no such admission in the record, but it may have been made orally during the trial and not appear of record, but the instruction was a statement of a fact made to the jury by the court. It was not a conclusion of law. If it was an inadvertence upon the part of the judge, it was the duty of counsel for defendant at the conclusion of the charge, or at some appropriate moment before the case was finally given to the jury, to call the judge's attention to it, so that the misunderstanding could be cleared up and the error corrected at the time. Counsel will not be permitted to sit still and acquiesce in a statement by the court that a fact is admitted when it is not. Counsel should give the court opportunity to correct the error, if in fact one was made." To the same effect are *Randolph v. Lewis,* 196 N. C., 51; *S. v. Johnson,* 193 N. C., 701; *LaRoque v. Kennedy,* 156 N. C., 360.

Fifteenth exception. It is provided by statute that a sale of property under a mortgage or deed of trust to secure the payment of money may be made by an agent or attorney appointed for that purpose by the mortgagee or trustee and it is not essential that the mortgagee or trustee be present at the sale. C. S., 2581.

The deed of trust executed by Phœbe Tugman and her husband provided that upon their failure to pay the secured debt the beneficiary, or his assignee, or any other person entitled to the money could apply to the trustee and it should be the duty of the trustee to make sale of the property. The holder of the secured note demanded a sale; the sale was made by his attorney in the absence of the trustee. There was evidence that Phœbe Tugman and her husband knew that the land had been advertised for sale; there is no evidence that an offer was made to raise the bid as provided by section 2591 of the Consolidated Statutes.

The recitals in the trustee's deed, as the court told the jury, are prima facie correct so far as they tend to show that the trustee made the sale in pursuance of the power contained in the deed of trust. *Shaffer v. Gaynor,* 117 N. C., 15.

On both of these points the court correctly instructed the jury and the fifteenth exception cannot be sustained.

Sixteenth exception. The jury first answered the first issue "Yes," the second, "None," and the third, "$125.00."

The judge gave further instructions to the effect that the defendants pleaded fraud, which could have been considered only in connection with the first issue; but that this defense had been abandoned and that if the first issue was answered in favor of the plaintiffs the defendants would not be entitled to damages. In this instruction we find no error. Fraud having been eliminated the defendant had no counterclaim. The motion for nonsuit was properly denied.

No error.