## STATE v. WADDELL McNAIR.

(Filed 5 June, 1946.)

**1. Larceny § 7—**

Evidence tending to show that title to the automobile in question was taken in the name of prosecuting witness, that defendant was allowed by her to drive it at times with the understanding that he would not take it out of town, that defendant borrowed the car, took it out of town and refused to bring it back or surrender its possession, with sharp conflict in the evidence as to whether defendant or prosecuting witness paid for the car, *is held* sufficient to take the case to the jury, the *bona fides* of defendant's asserted belief of ownership being for the jury.

**2. Criminal Law §§ 30, 42e—**

Permitting the solicitor to cross-examine defendant in regard to an allegation made by defendant in his complaint in a prior civil action for the purpose of impeaching defendant's testimony during the prosecution, by showing that defendant had made two contradictory statements about the matter, both of which the solicitor contended were incorrect, does not impinge G. S., 1-149, since the purpose and effect is not to prove the fact alleged in the pleading, but to the contrary.

**3. Criminal Law § 78e—**

An error in stating the contentions of a party, or in recapitulating the evidence, should be called to the court's attention in time to afford an opportunity of correction, otherwise it may be regarded as waived or as a harmless inadvertence. Usually the most convenient time for correctional requests is just before the jury retires to make up its verdict.

APPEAL by defendant from *Pless, J.,* at January Term, 1946, of FORSYTH.

Criminal prosecution upon several indictments charging the defendant, among cognate crimes, with the larceny of an automobile of the value of $1,500, the property of one Hattie C. Burner.

It is in evidence that on 19 June, 1945, Hattie C. Burner purchased a Buick sedan from Hill & Phelps Motor Company of Winston-Salem. She secured part of the purchase money from State Finance Company with the defendant, Waddell McNair, as surety. Title to the car was taken in her name, and the defendant was allowed to drive it at times with the understanding that he would not take it out of town. The defendant borrowed the car on 3 August, 1945, and failed to return it. Investigation disclosed that he had driven it to Washington, D. C. He refused to bring it back or to surrender its possession.

On 25 August, 1945, the defendant instituted suit in the Superior Court of Forsyth County to obtain possession of the car from Hattie C. Burner, alleging that he bought the car "from Clyde Myers, an automobile dealer in the City of Winston-Salem," paid for it with his own

funds and allowed title to be taken in the name of the prosecuting witness only for financing purposes.

The evidence is in sharp conflict as to who paid for the car and whose money was used in its purchase. The signatures of "Waddell $\overset{\text{his}}{\underset{\text{mark}}{\times}}$ McNair" and "Hattie C. Burner" both appear on the conditional sales contract and the note of the State Finance Company as purchasers and principals respectively.

When the defendant was on the witness stand, the solicitor, over objection, was allowed to cross-examine him about his complaint in the civil action brought against Hattie C. Burner to obtain possession of the car. This is brought forward and assigned as error.

Verdict: Guilty of larceny.

Judgment: Imprisonment in the State's Prison for not less than 18 months nor more than 3 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*W. T. Wilson for defendant.*

STACY, C. J. The case as made readily survives the demurrer to the evidence. Whether the defendant acted under a *bona fide* belief that the car belonged to him was for the jury. The testimony of the prosecuting witness pointed in one direction; that of the defendant in another.

The only exceptions which seem to merit attention are those addressed to the cross-examination of the defendant concerning the gravamen of his complaint in the civil action brought by him against Hattie C. Burner to obtain possession of the car, and perhaps one in respect of the charge.

It is provided by G. S., 1-149, that no pleading in a civil action "can be used in a criminal prosecution against the party as proof of a fact admitted or alleged in it." *S. v. Wilson,* 217 N. C., 123, 7 S. E. (2d), 11; *S. v. Ray,* 206 N. C., 736, 175 S. E., 109. See *S. v. Stephenson,* 218 N. C., 258, 10 S. E. (2d), 819, and *S. v. Dula,* 204 N. C., 535, 168 S. E., 836.

The solicitor announced that the object of the cross-examination relative to the complaint in the civil action, was "to impeach the witness or to contradict him," and not to prove any of the facts alleged therein, as they were at variance with the theory of the State's case. The purpose of the solicitor was to use the allegations of the complaint in the

civil action, not "as proof of a fact admitted or alleged in it," but to show that the defendant had made two contradictory statements about the matter, neither of which was correct. To offer an allegation in a pleading simply as evidence of its existence, or that it was made, is not necessarily to use the pleading as proof of any fact therein alleged. The motive of the solicitor was quite the opposite in the instant case. He was seeking to discredit the testimony of the defendant given on the trial by showing that the defendant had made a different statement about the same matter on a prior occasion. The solicitor contended, however, that the defendant's prior statement, as well as his testimony on the trial, was inaccurate. Thus it appears that no impingement upon the statute was intended or resulted from the cross-examination.

The defendant also assigns as error a *lapsus linguæ* of the court in misstating to the jury that the defendant declined to tell where the car was until he was ordered into custody by Judge Nettles at the December Term, Forsyth Superior Court; whereas the record discloses that on the preliminary hearing in the municipal court the defendant informed counsel for the prosecution the car was at 414 Street, Washington, D. C. It does not appear that this misstatement of the evidence was called to the attention of the court before the jury retired, or at any time during the trial. It is required under the rules of practice that this be done in order to give the court an opportunity to correct the inadvertence. *Ward v. R. R.,* 224 N. C., 696, 32 S. E. (2d), 221; *S. v. Baker,* 212 N. C., 233, 193 S. E., 22; *S. v. Steele,* 190 N. C., 506, 130 S. E., 308, and cases cited. It is settled practice in this jurisdiction that "any substantial errors, made by the court in the statement of the evidence or in the statement of the contentions of the parties, must be called to the attention of the court at the time they are made, in order to give opportunity to make correction, and the failure to so call them to the court's attention is a waiver of any right to object and except thereto on appeal." *Mfg. Co. v. R. R.* (7th syllabus), 222 N. C., 330, 23 S. E. (2d), 32.

An error in stating the contentions of a party, or in recapitulating the evidence, should be called to the court's attention in time to afford an opportunity of correction, otherwise it may be regarded as waived or as a harmless inadvertence. *Vance v. Guy,* 224 N. C., 607, 31 S. E. (2d), 766; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Johnson,* 219 N. C., 759, 14 S. E. (2d), 792; *S. v. King,* 219 N. C., 667, 14 S. E. (2d), 803; *S. v. Johnson,* 193 N. C., 701, 138 S. E., 19; *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601. "If the recitals of the court were incorrect as to the facts of the case, it was the duty of the defendant to call the court's attention to it, so that the correction could be made then and there. If this was not done at the time, the defendant cannot complain and wait and except when the case is made up on appeal." *S. v. Barn-*

*hill,* 186 N. C., 446, 119 S. E., 894. Usually the most convenient time for correctional requests is just before the jury retires to make up its verdict. *S. v. Steele, supra.* Indeed, in many instances, the court pauses as the case is about to be given to the jury and asks if there are any requests or suggestions. See *Daughtry v. Cline,* 224 N. C., 381 (at p. 388), 30 S. E. (2d), 322.

The case is not like *S. v. Isaac,* 225 N. C., 310, 34 S. E. (2d), 410, or *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473, or *S. v. Love,* 187 N. C., 32, 121 S. E., 20, and others of similar import, where excluded evidence was placed before the jury as sworn testimony without opportunity on the part of the defendant to answer it or in any way to meet it. This, of course, if material, would constitute prejudicial error. *Smith v. Hosiery Mill,* 212 N. C., 661, 194 S. E., 83.

On the record, as presented, the validity of the trial will be upheld.

No error.