IN THE MATTER OF W. H. McGOWAN, DECEASED.

(Filed 16 April, 1952.)

**1. Evidence §§ 17, 30a—**

Where defendants introduce a photostatic copy of an instrument introduced by plaintiff and such photostatic copy is admitted by the court, not as substantive evidence, but merely for the purpose of illustrating the testimony of a witness, defendants are not estopped from attacking the authenticity or due execution of the original instrument.

**2. Wills § 23a—**

Where a will is attacked solely on the ground that the signature thereto was not the genuine signature of decedent, testimony of a witness of a conversation with deceased shortly before the execution of the instrument, introduced for the purpose of showing deceased's mental capacity to make a will, is incompetent as irrelevant to the issue. Further, such testimony would be incompetent on the question of mental capacity if decedent, in the conversation, in no way expressed an intention to make a will.

**3. Appeal and Error § 8—**

An appeal will be determined in accordance with theory of trial in the lower court.

**4. Evidence § 46b—**

A handwriting expert may give his opinion as to the genuineness of a signature upon an instrument, based upon comparison of such signature with the signature appearing on various checks identified by witnesses as

being genuine, without offering the checks in evidence. This rule was not altered by G.S. 8-40.

**5. Wills § 25: Appeal and Error § 39f—**

In an action attacking a paper writing solely on the ground that the signature thereto was not the genuine signature of deceased, it is error for the court to charge the jury as to what disposition would be made of decedent's property in the event the paper writing was not upheld, since this matter is irrelevant to the issue, but where the instruction is in response to the argument of counsel on both sides upon the matter the error is invited and will not be held prejudicial.

**6. Appeal and Error § 6c (6)—**

Misstatement of the contentions of a party must be brought to the trial court's attention before the case is finally given to the jury so that it may be corrected.

**7. Appeal and Error § 29—**

Assignments of error not brought forward and argued in the brief will be taken as abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by propounder from *Phillips, J.,* October Term, 1951, of CALDWELL.

Issue of *devisavit vel non* decided in favor of caveators.

W. H. McGowan, a resident of Caldwell County, North Carolina, died on 6 April, 1951, leaving no lineal descendants. Lois Sanders McGowan, widow of W. H. McGowan, presented to the Clerk of the Superior Court of Caldwell County a paper writing purporting to be the last will and testament of her late husband, which paper writing was duly admitted to probate in common form on 14 May, 1951. This paper writing purports to bequeath and devise to Lois Sanders McGowan the entire estate of W. H. McGowan, deceased.

The brothers and sisters of W. H. McGowan, deceased, filed a caveat to said purported will on 10 August, 1951, alleging that the paper writing admitted to probate in common form was not the last will and testament of the said W. H. McGowan. Two issues were submitted to the jury and answered as follows:

"1. Was the paper writing offered for probate as the last will and testament of W. H. McGowan signed by W. H. McGowan and executed according to law? Answer: No.

"2. Is the paper writing propounded by Mrs. Lois Sanders McGowan and every part thereof the last will and testament of W. H. McGowan, deceased? Answer: No."

From the judgment on the verdict the propounder appeals and assigns error.

*Williams & Whisnant and W. H. Strickland for propounder, appellant.*
*James C. Farthing and Mull, Patton & Craven for caveators, appellees.*

DENNY, J. The trial below resolved itself into an inquiry as to whether the signature appearing on the paper writing offered for probate in solemn form, as the last will and testament of W. H. McGowan, was or was not his genuine signature, there being no contention that the signature was affixed by anyone authorized by him to sign his name thereto. The evidence was conflicting on this question. Even so, there was ample evidence to support the verdict of the jury. Consequently, the verdict should be upheld unless some prejudicial error was committed in the course of the trial.

The propounder offered in evidence the original paper writing which had been probated in common form, as the last will and testament of W. H. McGowan. This instrument was admitted and marked, "Propounder's Exhibit A." Thereafter, the caveators offered evidence to the effect that they had caused a photographic copy of propounder's Exhibit A to be made in the presence of the Assistant Clerk of the Superior Court of Caldwell County, and offered such copy in evidence. The propounder objected to its admission, whereupon the court overruled the objection and instructed the jury as follows: ". . . the photographic copy of the instrument that caveators offer in evidence is not to be considered by you as substantive evidence. It is only admitted for the purpose of illustrating the testimony of the witness, and you will receive it only in its illustrative effect, and not as substantive evidence."

The handwriting expert, who was a witness for the caveators, testified that he took the photographic copy of propounder's Exhibit A to his office in Charlotte and used it in making a comparison of the signature appearing thereon with the genuine handwriting of W. H. McGowan; that he also examined propounder's Exhibit A and the signatures on various checks identified by the witnesses who testified the signatures on the checks were in the genuine handwriting of W. H. McGowan, and, in his opinion, the signature appearing on propounder's Exhibit A was not the genuine signature of W. H. McGowan.

The propounder now takes the position that since the caveators did not offer the photographic copy of propounder's Exhibit A for the purpose of attack or impeachment, they are bound by it to the same extent as if they had offered the original instrument without qualification. The propounder contends that by offering in evidence a photograpic copy of the propounder's Exhibit A, the caveators are estopped from denying the authenticity, or the due execution of the original instrument. The contention is untenable.

A photographic or photostatic copy of an instrument or document is nothing more than a photograph of it. And in this jurisdiction, photographs, when properly authenticated, are competent for use in illustrating or explaining the testimony of a witness, but may not be admitted as

substantive evidence.   Hence, the photograph of propounder's Exhibit A was admissible only for the restricted use specified by the trial judge.   It was not admitted as substantive evidence.   *S. v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824; *S. v. Mays,* 225 N.C. 486, 35 S.E. 2d 494; *S. v. Miller,* 219 N.C. 514, 14 S.E. 2d 522; *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Pearson v. Luther,* 212 N.C. 412, 193 S.E. 739; *Kelly v. Granite Co.,* 200 N.C. 326, 156 S.E. 517; *Elliott v. Power Co.,* 190 N.C. 62, 128 S.E. 730; *S. v. Jones,* 175 N.C. 709, 95 S.E. 576; *Pickett v. R. R.,* 153 N.C. 148, 69 S.E. 8; *Hampton v. R. R.,* 120 N.C. 534, 27 S.E. 96, 35 L.R.A. 808.

Assignment of error No. 49 is bottomed on the exception to the refusal of the court to admit the testimony of one of propounder's witnesses with respect to certain conversations the witness had with W. H. McGowan several months prior to his death.   The testimony of the witness was taken in the absence of the jury and excluded by the court.   The substance of it was to the effect that W. H. McGowan visited the office of the witness in the late summer or early fall of 1950; that he said he wanted his advice; that some of his real property was in his name alone, and some of it was in his wife's name and he wanted his wife to have all his property if she survived him.   He asked him what was the best thing to do. The witness said: "I told him the best thing to do was to make a will." Two or three months later, toward the end of 1950, Mr. W. H. McGowan again raised this same question and expressed the desire for his wife to have all his property if she survived him.   The witness said: "I told him in my opinion the best thing to do was to make a will."   At no time, however, during these conversations, according to this witness, did Mr. Mc-Gowan express any intention to make a will.

The propounder insists that this evidence was competent on the question of Mr. McGowan's mental capacity to make a will.   There are two reasons why the evidence was not admissible: (1) Mr. McGowan never expressed any intention to make a will.   "A statement of a decedent which cannot be conceived as referring to an instrument propounded as his will is not admissible upon any theory that it is a demonstration which reveals his intent to make a testamentary disposition by the instrument." 57 Am. Jur., Wills, section 896, page 591.   See *In re Will of Ball,* 225 N.C. 91, 33 S.E. 2d 619.   (2) The mental capacity of W. H. McGowan was not challenged in the trial below.

Where the caveat to a will is duly filed and on the trial the sole question is whether the signature to the will is or is not the genuine signature of the purported testator, an exception to the exclusion of evidence on the ground that such evidence was admissible on some questions not considered or presented in the trial below, is without merit.   *In re Efird's Will,* 195 N.C. 76, 141 S.E. 460.   "A party is not permitted to try his case in

the Superior Court on one theory and then ask the Supreme Court to hear it on another and different theory." *Shipp v. Stage Lines,* 192 N.C. 475, 135 S.E. 339; *Warren v. Susman,* 168 N.C. 457, 84 S.E. 760; *Hendon v. R. R.,* 127 N.C. 110, 37 S.E. 155; *Allen v. R. R.,* 119 N.C. 710, 25 S.E. 787.

The propounder assigns as error the admission of opinion evidence as to the genuineness of the signature of W. H. McGowan, derived from comparison of his handwriting on the purported will with that appearing on various checks identified by witnesses as being in his genuine handwriting, without offering the checks in evidence.

Prior to the enactment of Chapter 52, Public Laws of 1913, C.S. 1784, now G.S. 8-40, a qualified witness was permitted to make a comparison of a disputed writing with one whose genuineness was admitted or not denied. But no comparison was permissible when the proposed standard was itself disputed or evidence was required to establish its genuineness. *Boyd v. Leatherwood,* 165 N.C. 614, 81 S.E. 1025; *Tunstall v. Cobb,* 109 N.C. 316, 14 S.E. 28. And in those cases, where the comparison of handwriting was permissible under the law, a paper containing the admitted genuine signature was not required to be introduced in evidence to authorize its comparison by a qualified witness with a signature the genuineness of which was in issue. *Abernethy v. Yount,* 138 N.C. 337, 50 S.E. 696. We do not construe the statute G.S. 8-40, which was enacted after the above decision was rendered, to change the rule in this respect. The statute, however, did change the rule of evidence so as to permit the comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, and to permit such writing and the evidence of witnesses respecting the same to be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute. But we do not construe the statute to prevent a comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, unless such genuine writing is introduced in evidence. *Abernethy v. Yount, supra;* 32 C.J.S., Evidence, Section 617 (a), page 467.

It appears from the record that the attorneys for the propounder and the caveators, in their arguments to the jury, discussed what disposition would be made of the estate of W. H. McGowan in the event the will under consideration was declared invalid. Whereupon, the court in its charge to the jury stated that since there had been arguments on both sides about what would become of the estate of W. H. McGowan, in the event the will was held to be invalid, in order for the jury to know what the law says about that, and for that purpose only, the court would instruct the jury as to what the statute provided. Thereupon the court proceeded to read to the jury section 3 of the Statute of Distribution, which is as follows: "If there is no child nor legal representative of a

IN RE WILL OF McGOWAN.

deceased child, then one-half of the estate shall be allotted to the widow, and the residue be distributed equally to every of the next of kin of the intestate, who are in equal degree, and to those who legally represent them. The court then said: "And, in addition thereto, the widow would be entitled to dower in real estate."

The propounder challenges this instruction on the following grounds: (1) That the jury was not informed that the Statute of Distribution applies only to personal property; (2) that the court failed to define the meaning of the word "dower"; (3) that the charge as to the disposition of the estate, in the event the will was declared invalid, amounted to an intimation on the part of the judge that he felt the will should be set aside.

The question as to what disposition would be made of W. H. McGowan's estate, in the event his purported will was held to be invalid, was not a question for the consideration of the jury on the facts disclosed on this record, and the jury should have been so instructed. There was no unnatural disposition of the testator's property in the purported will, making such disposition a proper subject of comment. *In re Burns' Will,* 121 N.C. 336, 28 S.E. 519. However, we think the error now complained of falls under the category of invited error and will not be held as prejudicial on this record. *Johnson v. Sidbury,* 226 N.C. 345, 38 S.E. 2d 82; *Carruthers v. R. R.,* 218 N.C. 377, 11 S.E. 2d 157; *Kelly v. Traction Co.,* 132 N.C. 368, 43 S.E. 923. Moreover, the grounds upon which the propounder challenges the instruction given are without merit.

The assignments of error Nos. 67, 70, 71, 72, 73, and 74 are directed to those portions of the charge containing the contentions of the caveators.

It is well settled that if the trial judge in charging the jury fails to state the contentions correctly, it is the duty of the aggrieved party to call such failure to his attention before the case is finally given to the jury so that it may be corrected. McIntosh, N. C. Procedure and Practice, section 580, page 642; *Dickson v. Coach Co.,* 233 N.C. 167, 63 S.E. 2d 297; *Shipping Lines v. Young,* 230 N.C. 80, 52 S.E. 2d 12; *S. v. McNair,* 226 N.C. 462, 38 S.E. 2d 514; *Switzerland Co. v. Highway Com.,* 216 N.C. 450, 5 S.E. 2d 327; *Hayes v. Ferguson,* 206 N.C. 414, 174 S.E. 121; *S. v. Johnson,* 193 N.C. 701, 138 S.E. 19; *Walker v. Burt,* 182 N.C. 325, 109 S.E. 43; *Sears v. R. R.,* 178 N.C. 285, 100 S.E. 433; *Hardy v. Mitchell,* 161 N.C. 351, 77 S.E. 225.

The remaining assignments of error, fifty-eight in number, have not been brought forward and argued in the brief and will, therefore, be taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 563.

Upon a consideration of the entire record, in our opinion, no error of sufficient merit to warrant a new trial has been shown

No error.