EDNA C. BAXLEY v. A. A. CAVENAUGH AND JAMES M. CAVENAUGH.

(Filed 21 March, 1956.)

**1. Appeal and Error §§ 24, 42—**

Inadvertence in the charge in submitting to the jury material facts going to the crux of the issue which are not supported by any evidence must be *held* for prejudicial error, notwithstanding appellant's failure to call the error to the trial court's attention in apt time.

**2. Same—**

An instruction which states a contention presenting an erroneous view of the law or an incorrect application of it upon a material point must be *held* for prejudicial error, notwithstanding the failure of appellant to bring the matter to the attention of the trial judge before the case was submitted to the jury.

**3. Automobiles § 46—Instruction held for error in presenting facts not supported by evidence.**

Defendant's car ran off the highway at a curve into plaintiff's yard and struck plaintiff's car which was parked some 30 feet from the hard-surface. Defendant's evidence was to the effect that he leaned up against the door of his car, that the door flew open when the car hit the edge of the yard, and that defendant fell out of the car. Defendant testified, "I must not have slammed the door, because it wasn't shut when I came around the curve." *Held:* An instruction to the effect that defendant testified that the door had not been so that it would not lock before the accident and that defendant contended that the door had not theretofore been so that it would fly open, and that the occurrence was a pure accident for which defendant should not be held liable, constitutes reversible error.

**4. Automobiles § 21—**

A collision resulting after the door of the car flew open on a curve and the driver fell from the automobile is not necessarily the result of an accident, even though the door had not flown open theretofore, since if the driver was negligent in failing to exercise due care in failing properly to shut the door, or in leaning against it when he came around the curve, and such negligence was a proximate cause of the injury, the result would not be due to unavoidable accident.

**5. Negligence § 1—**

An unavoidable accident can occur only in the absence of causal negligence.

APPEAL by plaintiff from *Stevens, J.,* September, 1955, Term, DUPLIN.

Civil action to recover for property damage, alleged to have been caused by the negligence of defendants.

On this appeal, we are not concerned with the liability of defendant A. A. Cavenaugh for the negligence, if any, of his son, James M. Cavenaugh, the operator of the Ford car that struck and damaged plaintiff's

Plymouth automobile. The jury answered the first issue, "No," thereby failing to find that plaintiff's damages were caused by the negligence of James M. Cavenaugh. The appeal concerns errors, if any, in the conduct of the trial, as related to the first issue. Hence, the word "defendant," as used herein, refers only to James M. Cavenaugh.

All the evidence tends to show that on 9 June, 1954, about 10:00 p.m., plaintiff's automobile was parked in her private driveway some 30 feet from (hard-surfaced) Highway #41; and that the Ford car, operated by defendant, ran off the highway, crossed into plaintiff's yard and crashed into her parked car.

Plaintiff's evidence tends to show: Plaintiff and her husband had gone to bed, upstairs. The noise caused by the crash aroused them. When they came down to their yard, defendant and John Wilson, plaintiff's companion in the Ford car, were in the yard, between the Ford car and the house. The Ford car then was approximately 100-120 feet from where it had left the highway. Plaintiff's residence and her parked car were to defendant's right as he traveled along the highway. There was a bad curve where defendant's car left the highway. Defendant was traveling, in second gear, at a speed of 40 miles per hour. A State Highway Patrolman testified: "The skid marks from the Cavenaugh car began on the left side of the highway at a curve and continued for a distance of 108 feet. The car then left the road and traveled 120 feet across the yard where it struck the Plymouth."

Defendant's evidence tends to show: Shortly before the collision, the Ford car would not crank. It was "pulled" or "pushed" off to get it started. Defendant then drove it down the highway and turned around. This was some 200 yards from where the collision occurred. Defendant then drove along the highway, in second gear, at a speed of 40 miles per hour. Vernon Scholer, defendant's witness, testified that defendant had a "Hollywood muffler" on his car which "cries out and can be heard for a considerable distance." Scholer was in his house, some 300 feet from where plaintiff's car was parked. He testified: "As he (defendant) came by I looked out the door and saw him pass. About that time I heard tires squall and I heard the collision." Defendant testified that his car left the road at a sharp curve. He testified that he did not apply his brakes. Both defendant and Wilson, on cross-examination, testified that they would not deny that there were skid marks as testified by the State Highway Patrolman.

The testimony was conflicting as to whether there was any odor of alcohol on defendant's breath shortly after the collision.

Defendant's sole explanation of the cause of the collision is in these words: "I must not have slammed the door, because it wasn't shut when I came around the curve. I leaned up against it and it came open

and as the car hit the bank in the yard I fell out into the plaintiff's yard." Wilson testified: "The door flew open and James fell out when it hit the edge of the yard."

Defendant was indicted for careless and reckless driving. He pleaded guilty. It was his second offense. He lost his license. He had wrecked his car twice. He so testified.

Plaintiff alleged that defendant was negligent in these particulars: (1) excessive speed; (2) failure to keep a proper lookout; and (3) failure to keep his car under proper control.

As to all allegations, except as to residence of the parties, the answer says simply that they are denied.

Upon the verdict, it was adjudged that plaintiff recover nothing and that she pay the costs. Plaintiff excepted and appealed, assigning errors.

*Roland C. Braswell and Calvin B. Bryant for plaintiff, appellant.*
*Grady Mercer for defendants, appellees.*

BOBBITT, J. The court, in reviewing defendant's testimony, stated to the jury: "He testified . . ., (and that the left-hand door that had not been so that it would not lock before the wreck, came open,) . . ."

The court, in reviewing defendant's contentions, stated to the jury: "The defendant . . . says and contends . . . that he was driving with prudence and care and with due care, (but that a door that had not theretofore been so that it would fly open, on this occasion, because he leaned against it, flew open and caused him to fall out of this car onto the roadway and by so doing it got out of control and went into the yard upon which the Baxley house was situated.)"

The court, in further reviewing defendant's contentions, stated to the jury: "(He says that that was not negligence on his part, that this was a pure accident for which he should not be held in negligence just because the door fell open and he fell out the door, and that he was not at fault, and therefore he says and contends you ought to answer the first issue in his favor.)"

The statements in parentheses are the bases for plaintiff's exceptive assignments of error.

Defendant's complete loss of control of the Ford car is established by his own testimony. All the evidence is to that effect. Consequently, the only question for decision was whether such loss of control was caused in whole or in part by defendant's failure to exercise due care to keep the Ford car under proper control.

We find no testimony in the record "that the left-hand door . . . had not been so that it would not lock," or that the left-hand door "had not

theretofore been so that it would fly open." Defendant's complete testimony on this subject is quoted above.

The prejudicial effect of the court's inadvertent misstatement of the evidence relating to this crucial matter is emphasized by the court's recital in behalf of defendant of a contention to the effect that the collision was *"a pure accident* for which he should not be held in negligence *just because* the door fell open . . ."* (Italics added.)

The court's statement of a material fact not in evidence, and the further statement predicated thereon of a contention in behalf of defendant that his loss of control of the Ford car was "a pure accident," considered together, constitute prejudicial error. Two lines of authority, which converge here, underlie decision. (1) It is prejudicial error to submit to the jury for consideration facts material to the issue of which there is no evidence. *Marshburn v. Patterson*, 241 N.C. 441, 85 S.E. 2d 683; *Darden v. Leemaster*, 238 N.C. 573, 78 S.E. 2d 448; *S. v. McCoy*, 236 N.C. 121, 71 S.E. 2d 921; *S. v. Pillow*, 234 N.C. 146, 66 S.E. 2d 657; *In re Will of Atkinson*, 225 N.C. 526, 35 S.E. 2d 638; and cases cited therein. (2) Even though stated as a contention, an instruction that presents an erroneous view of the law or an incorrect application of it, if prejudicial, is ground for a new trial, notwithstanding failure to bring the matter to the attention of the trial judge before the case is submitted to the jury. *Harris v. Construction Co.*, 240 N.C. 556, 82 S.E. 2d 689, and cases cited therein.

The evidence and the charge, considered in its entirety, accentuate the prejudicial effect of the error. Defendant's only explanation and contention as to his admitted loss of control of the Ford car was that the left-hand door came open when he leaned against it. In the charge, there is no application or mention of the law bearing on the subject of unavoidable accident. Indeed, the word *accident* does not appear in the entire charge relating to the first issue except in the challenged (quoted) instruction. Under these circumstances, the instruction, while couched in the language of a review of contentions, implied that if the door flew open, particularly if it had not done so theretofore, of which there was no evidence, this would be "a pure accident" requiring that the jury answer the negligence issue, "No."

Such is not the law. If defendant did not properly shut the door, as he surmised, and such conduct was a failure to exercise due care, or if, under the circumstances, he failed to exercise due care when he leaned against it when he came around the curve, and such failure to exercise due care caused the door to fly open, defendant's loss of control of the Ford car under such circumstances would be attributable to negligence on his part. These questions were not submitted for jury determination.

An unavoidable accident, as understood in the law of torts, can occur only in the absence of causal negligence. Plaintiff is entitled to recover if defendant's loss of control of the Ford car and the resulting damage would not have occurred *but for* his own negligent act or omission. *Ferebee v. R. R.*, 163 N.C. 351, 79 S.E. 685; *Luttrell v. Hardin*, 193 N.C. 266, 136 S.E. 726; *Gillis v. Transit Corp.*, 193 N.C. 346, 137 S.E. 153.

It is noted that the errors in the charge go directly to the crux of the case, not to a subordinate or incidental feature thereof.

The circumstances here take this case out of the well established rule that "an error in stating the contentions of a party, or in recapitulating the evidence, should be called to the court's attention in time to afford an opportunity of correction, otherwise it may be regarded as waived or as a harmless inadvertence." *S. v. McNair*, 226 N.C. 462, 38 S.E. 2d 514. See *In re Will of McGowan*, 235 N.C. 404, 70 S.E. 2d 189, and cases cited therein.

For the reasons stated, plaintiff is entitled to a
New trial.