RALPH G. BRITTAIN v. SULCER SPRATT BLANKENSHIP.

(Filed 26 September, 1956.)

**1. Appearance § 2—**

A voluntary general appearance is equivalent to personal service and waives all defects and irregularities in, or even want of, service.

**2. Appeal and Error § 44—**

A remark of the court made in reply to, or provoked by, argument of counsel is invited error of which appellant may not complain.

APPEAL by defendant from *Clarkson, J.,* at February 1956 Civil Term, of GASTON.

Civil action to recover property damage allegedly resulting from negligent operation of a motor vehicle.

The record shows that summons issued to Gaston County 16 April, 1955, was returned by the sheriff endorsed "The defendant is not to be found in Gaston County, after due and diligent search." In complaint filed 16 April, 1955, plaintiff alleges a cause of action based upon actionable negligence of defendant in operating his automobile in that he failed (1) to keep proper lookout for other automobiles, (2) to keep his automobile under proper control, (3) to properly apply his brakes, after ascertaining the danger, and (4) "operated his vehicle under the influence of alcohol," and that as proximate result of such negligence of defendant, plaintiff's vehicle was struck in the rear and damaged in substantial amount.

The record shows that thereafter on 15 September, 1955, defendant filed an answer prefaced in this language: "Now comes S. S. Blankenship into court and makes this a voluntary general appearance without service of process and requests his counsel of record J. L. Hamme to file this answer and general appearance in the action entitled as above, and answers and says: . . ."

In the answer so filed the allegation of the complaint "that on or about the 13th day of November, 1954, at about 9 P. M., the wife of plaintiff was operating the plaintiff's 1952 Ford sedan automobile on the hard-surfaced State road which runs through Mount Holly, North Carolina, in a westerly direction to McAdinville, North Carolina," is not denied. And it is admitted that plaintiff's wife stopped the car, and that defendant approached the intersection and collided with the car of plaintiff in its rear and that some damage was done thereto. In other material aspects, the allegations of the complaint are denied.

Defendant set out in the answer averments in further answer and defense.

Plaintiff in reply denies in material part the averments so made by defendant.

The case on appeal shows that during the progress of the trial in Superior Court, and after the plaintiff had testified, and on the convening of court the next day, "defendant through counsel enters a plea to the jurisdiction of the court as action was instituted April 16, 1956; no service of process was had; general voluntary appearance made September 15, 1955; thus this action died 90 days after issuance of

summons and no *alias* was issued." Counsel for defendant contended that "the action is a dead action." And to the ruling of the Presiding Judge in denial of the plea and refusal of motion defendant excepted.

Defendant reserving exception to the overruling of his motion for judgment as of nonsuit, testified as a witness in his own behalf, and renewed motion for judgment as of nonsuit at close of all the evidence.

The case was submitted to the jury upon three issues (1) as to negligence of defendant (2) as to contributory negligence of plaintiff, and (3) as to amount, if any, plaintiff is entitled to recover of defendant. The jury answered the first issue "Yes," the second "No," and the third "$566.00."

To judgment in accordance therewith defendant excepted and appeals to Supreme Court, and assigns error.

*J. L. Hamme for Defendant Appellant.*
*No counsel contra.*

WINBORNE, C. J. A careful reading of the record and case on appeal as challenged by exceptions brought up for consideration on this appeal leads to the conclusion that, in the trial below, substantial justice has been done. And while there may be technical error in some respects, it is not of sufficient import to require a new trial.

In connection with the exception to denial of defendant's so-called "plea to jurisdiction," entered as hereinabove related, the statute G.S. 1-103 provides specifically that a voluntary appearance of a defendant is equivalent to personal service of the summons upon him. And decisions of this Court hold that a general appearance waives all defects and irregularities, and is sufficient even if there has been shown no service of the summons at all. See *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592; *Hospital v. Joint Comm.,* 234 N.C. 673, 68 S.E. 2d 862; *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848; *Wilson v. Thaggard,* 225 N.C. 348, 34 S.E. 2d 140; *Moseley v. Deans,* 222 N.C. 731, 24 S.E. 2d 630; *Williams v. Cooper,* 222 N.C. 589, 24 S.E. 2d 484; *Asheboro v. Miller,* 220 N.C. 298, 17 S.E. 2d 105; *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427; *Credit Corp. v. Satterfield,* 218 N.C. 298, 10 S.E. 2d 914; *Clement v. Clement,* 216 N.C. 240, 4 S.E. 2d 434; *Shaffer v. Bank,* 201 N.C. 415, 160 S.E. 481, and many more, cited under G.S. 1-103.

The trial judge ruled in accordance with these decisions. And in so doing it appears in the case on appeal that the Judge stated to counsel for defendant, "You cannot come into court with one hand and with the other say you are not in court." Defendant excepted thereto and contends that he is prejudiced thereby before the jury. In this connection reference to the pleading shows that defendant in his further answer

and defense undertook to set up a cause of action on the theory that while he was operating his automobile in a lawful and reasonably prudent manner plaintiff's automobile was being negligently operated in manner stated as proximate result of which defendant's automobile was damaged in stated amount. Thus it is apparent that this fact prompted the statement of the Judge.

Be that as it may, if the Judge erred in making the statement, it is clear from the record, details of which need not be recited, that it is invited error of which defendant cannot complain. *In re McGowan,* 235 N.C. 404, 70 S.E. 2d 189, and cases cited.

Other assignments of error brought forward in brief of appellant require no specific treatment. They are without substantial merit.

For reasons stated, there is in the judgment from which appeal is taken

No error.